COMMONWEALTH vs. NICHOLAS SHIEK.

No. 95-P-1885.

Plymouth. September 18, 1996. - February 14, 1997.

Present: IRELAND, LAURENCE, & FLANNERY, JJ.

*Evidence,* Fresh complaint, Corroborative evidence. *Practice, Criminal,*
    Argument by prosecutor.

At the trial of a complaint for indecent assault and battery on a child
    under the age of fourteen, the judge incorrectly admitted in evidence a
    certain complaint of the alleged victim to a police officer made some
    twenty-four to thirty-two months after the last alleged incident, where
    the Commonwealth failed to show the complaint was fresh: a new trial
    was required. [210-211]
At the trial of a criminal complaint, there was no error in the prosecutor's
    opening statement and, in any event, the judge clearly instructed the
    jury with respect to the attorneys' opening statements. [211-212]
The judge at the trial of a sexual offense correctly instructed the jury on
    their consideration of fresh complaint testimony. [212]
At the trial of a sexual offense, the testimony of a fresh complaint witness
    did not impermissibly or prejudically exceed the details of the alleged
    victim's testimony. [212]

COMPLAINT received and sworn to in the Brockton Divi-
sion of the District Court Department on January 31, 1994.

The case was tried before *Deborah A. Dunn,* J.

*James L. Rogal* for the defendant.

*Kathleen Ann Adams,* Assistant District Attorney, for the
Commonwealth.

FLANNERY, J. A District Court jury convicted the defen-
dant of indecent assault and battery on a child under the age
of fourteen. G. L. c. 265, § 13B. He claims on appeal that the
trial judge should have excluded part of the prosecutor's
opening statement, that the trial judge erroneously failed to
define "corroborate" in her instructions to the jury concern-
ing the use of fresh complaint testimony, that a fresh com-

plaint witness prejudicially exceeded the complainant's testimony, and that fresh complaint evidence was stale and should not have been admitted. We agree with the last-stated contention and reverse on that ground.

The complainant testified, in response to a question that included certain dates and her ages at those times, that the defendant sexually molested her "between 1986 and 1991, when [she was] about eight through thirteen." The complainant placed the assaults at an apartment in Brockton, which she visited from time to time and which she described in some detail. She also testified that the defendant never threatened her and that she did not see him after 1991 except at holiday gatherings. The defendant testified and denied the complainant's accusations.

The prosecution's sole fresh complaint witness, Brockton police officer Desmond, testified over objection that, on January 19, 1994, the complainant told her that, between the time that she was "around eight years old" until "about she was twelve" or thirteen, the defendant sexually assaulted her on a number of occasions.[1] The assaults reportedly occurred when the complainant would visit her sister and her husband, the defendant, at their apartment on Grove Street in Brockton.

The complainant was born on May 19, 1978, so the alleged assaults that she reported to the officer would have occurred between 1986 and 1991. Therefore, if the last assault took place before the complainant turned thirteen, in May of 1991, about thirty-two months passed before she told the officer. If the final alleged episode took place in December of 1991, about twenty-four months passed before the complaint was made.[2]

We shall not reiterate the history of the fresh complaint exception to the rule against hearsay. See *Commonwealth* v.

---

[1]The complainant testified that she told her mother and sister about the assaults in 1991, but recanted the allegations. The sister denied being told and the mother did not testify. The complainant's testimony about her 1991 reports was not offered by the Commonwealth, or treated by the judge or the defendant, as evidence of fresh complaint.

[2]The complainant was thirteen until May of 1992, but she testified that she did not recall any "other times" than those alleged to have taken place between 1986 and 1991. The record evidence is unfortunately unclear, but it appears that, according to the complainant, the abuse occurred at the Grove Street apartment. There was uncontradicted testimony that the defendant and his wife moved from there in January of 1989, so if the last al-

*Dion*, 30 Mass. App. Ct. 406, 412-414 (1991). In summary, to be admitted in evidence as corroborative of the complainant's in-court accusation, the out-of-court complaint must have been made reasonably promptly after the alleged assault. "The length of delay remains an important consideration" in determining freshness, see *Commonwealth* v. *Fleury*, 417 Mass. 810, 815 (1994), but the passage of time does not alone determine promptness. That is to say, factors such as the mental and emotional maturity of the complainant, her (or his) relationship to the alleged perpetrator, and whether she remained in the allegedly abusive setting or moved to a more secure one, are all relevant to the judge's initial ruling that a complaint is fresh and admissible or stale and not. See *Commonwealth* v. *Fleury*, 417 Mass. at 814; Hughes, Evidence § 244, at 188-189 (1993 Supp.).

In the present case, the interval between the first alleged incident (1986) and the report to Officer Desmond (1994) was at least seven years, and the interval between the last alleged incident (1991) and the report was twenty-four to thirty-two months. No evidence about the relationship between the complainant and the defendant explains those delays. The complainant did not reside with the defendant, she saw him infrequently after 1991, and she testified that he never threatened her. Contrast the extraordinary situation in *Commonwealth* v. *McKinnon*, 35 Mass. App. Ct. 398, 400-403 (1993) (complaint fresh notwithstanding an interval of thirty-four months).

We conclude that the Commonwealth failed to show here that the complaint to Officer Desmond was fresh after twenty-four to thirty-two months because of explanatory circumstances. It should not have been admitted in evidence.

The Commonwealth may elect to retry the defendant, so we discuss briefly his other contentions on appeal. He urges that the prosecutor, in her opening statement, effectively accused him of raping the complainant, and the trial judge erred in overruling his objection and denying his motion for a mistrial.[3] Of course, a prosecutor may not seek to inflame a jury by accusing a defendant of uncharged misconduct. That

---

leged abuse occurred in December of 1988, when the complainant was ten, about five years passed before she complained to the officer.

[3]It appears that the objection and motion were made and ruled on at an unrecorded sidebar conference after the prosecutor's opening.

did not happen here, however. We agree with the Commonwealth that the prosecutor's opening did not censurably exceed what she believed the evidence would show. Moreover, the trial judge, in a clear pre-charge to the jury, told them that the attorneys' "statements to you are not evidence." That caution was reiterated in the judge's final instructions to the jury. There was no error.

The defendant contends that the judge failed to define "corroborate," so there was a risk that the jury would consider the fresh complaint testimony as substantive evidence. See *Commonwealth* v. *Trowbridge*, 419 Mass. 750, 761-762 (1995). There was no objection at trial, and the criticism is groundless in any event. Both when Officer Desmond testified and again in her final instructions, the judge explained fresh complaint evidence to the jury and cautioned them against considering it substantively. See *Commonwealth* v. *Lamontagne, post* 213 (1997).

Finally, the defendant contends that Officer Desmond's fresh complaint testimony prejudicially exceeded the complainant's testimony. See *Commonwealth* v. *Flebotte*, 417 Mass. 348, 351 (1994). Presumably, in the event of a retrial, Officer Desmond will not testify, so the issue is academic. In any event, while the principle is an important one, perfect congruence is not required or realistically achievable. See *Commonwealth* v. *Kirkpatrick*, 423 Mass. 436, 444-445 (1996). The differences in the testimony in this case did not amount to harmful error.

*Judgment reversed.*

*Verdict set aside.*