COMMONWEALTH *vs.* IKE I., a juvenile. No. 99-P-1882. January 14, 2002. *Witness*, Competency, Child. *Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Assistance of counsel. *Evidence*, Hospital record.

In brief outline: The victim, who was four years old at the time of the events and about five at the time of his testimony, complained to his cousin on July 22, 1997, that he was raped while he was in the juvenile's room, and that his hands had been tied. Two days later, the victim made similar disclosures to his mother, specifying that he had been both orally and anally raped. On July 28, 1997, he spoke to a female police officer, describing the oral rape, and adding that he had been tied with a blue shoe string. At trial, the victim essentially repeated the same scenario. He was visiting the juvenile's home, and while alone in the juvenile's room, the sexual abuse took place. He testified that the juvenile "made me suck his [penis]," and ultimately stated that the juvenile penetrated him anally with his penis. His testimony (supported by his relatives) was that the juvenile's mother was in the kitchen at the time of the abuse and that, after informing his cousin, he spoke with his own mother, who took him to the hospital (for an examination) and then to the police.

For his part, the juvenile denied having sexually abused the victim. His mother's account of events was that she was cooking, and went to the bedroom to check on the boys a couple of times. At no time was the door closed and nothing, so far as appears, happened between them except play. She did not observe the victim's hands tied or any indication of anything gone awry. The juvenile, who was twelve years of age at the time of the incident, testified that only a wrestling incident took place. He denied outright sexually abusing the victim in any way.

In due course, a Juvenile Court judge heard the case at a bench trial. He found the juvenile not delinquent of one charge (the anal rape) and delinquent with respect to the other (oral intercourse). The juvenile has appealed from the adjudication of delinquency. We affirm.

1. During the initial part of the complainant's direct testimony, the following exchange took place between the victim and the prosecutor:

> Q.: "And why are you here today?"
>
> A.: "To talk to a judge."
>
> Q.: "To talk to the judge? And do you have to tell the judge anything?"
>
> A.: [No verbal response.]

When asked if he knew the difference between "a truth and a lie," the victim responded: "I'm really five and six." Thereafter, he said, "I'm really five, and this is a lie: I'm six." No other questions or discussion pertaining to the victim's ability to "differentiate fact from fiction" or elucidating his "sense of the immorality of lying" took place. *Commonwealth* v. *Murphy*, 48 Mass. App. Ct. 143, 145 (1999). Neither the judge nor trial counsel questioned the victim's competency as a witness for the remainder of the trial. Represented by new counsel on direct appeal, the juvenile alleges that trial counsel's failure to request a voir dire hearing on the issue violates the *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974) standards for effective representation of counsel. Among other things, to prevail on a *Saferian* claim, the juvenile must establish that the alleged shortcoming deprived him of "an otherwise available, substantial ground of defen[s]e" or otherwise materially affected the outcome of his trial. *Ibid.* See *Commonwealth* v. *Fanelli*, 412 Mass. 497, 503 (1992).

Here, the victim's answers to the prosecutor's questions satisfied the requirements of the second prong of the competency test — that is, his responses established that he possessed a rudimentary "understanding sufficient to comprehend the difference between truth and falsehood . . . and the obligation and duty to tell the truth, and, in a general way, belief that failure to perform the obligation will result in punishment." *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 329 (1986), quoting from *Commonwealth* v. *Tatisos*, 238 Mass. 322, 325 (1921). See *Commonwealth* v. *Lamontagne*, 42 Mass. App. Ct. 213, 216 (1997); *Commonwealth* v. *Monzon*, 51 Mass. App. Ct. 245, 248 (2001). Our conclusion on this point is fortified by the victim's subsequent testimony on cross-examination when defense counsel tried to elicit from him the name of the person who told him what the juvenile did to him was bad: the victim responded that no one told him that it was bad, but that it was bad

"[b]ecause God will punish you." Fear of punishment for one type of wrongdoing translates into another. A child witness does not have to understand fully the obligation of an oath, but must show a general awareness of the duty to be truthful and the difference between a lie and the truth. *Commonwealth* v. *Welcome*, 348 Mass. 68, 70 (1964). Although it would have been preferable, as the Commonwealth concedes, for the judge to have asked a specific question whether the victim understood the consequences of telling a lie, on this record, we are satisfied that the victim comprehended the consequences. See *Commonwealth* v. *LeFave*, 407 Mass. 927, 942 (1990). We recognize that, as matter of law, a trial judge need not conduct a voir dire on competency in the absence of an objection, although there is nothing to prevent the exercise as a matter of discretion. *Commonwealth* v. *Lamontagne*, 42 Mass. App. Ct. at 217. As stated, however, where the child witness manifested no uncertainty or confusion during the course of this trial, especially under cross-examination, this experienced Juvenile Court judge cannot be faulted.

With respect to the first prong of the competency test, whether the witness has the general ability or "capacity to observe, remember, and give expression to that which [he or] she ha[s] seen, heard, or experienced," *Commonwealth* v. *Tatisos*, 238 Mass. at 325, our careful review of the transcripts indicates that the victim, while of tender years, displayed certainty with respect to the basic facts which gave rise to his complaint. Inconsistencies in his testimony, as far as appear, bore more on the issue of credibility than competency, "a matter left to the trier of fact except in very rare cases." *Commonwealth* v. *Gamache*, 35 Mass. App. Ct. 805, 809 (1994).

2. There also was no ineffective assistance, singly or in combination, for trial counsel's failure to object to the testimony given by the three fresh complaint witnesses since their testimony did not exceed the scope of the victim's testimony in any significant way. "[P]erfect congruence is not required or realistically achievable." *Commonwealth* v. *Shiek*, 42 Mass. App. Ct. 209, 212 (1997).

The juvenile correctly argues that the victim's mother's testimony concerning his subsequent therapeutic treatment should not have been admitted. Trial counsel objected, but to no avail. The judge improperly allowed the mother's testimony that "DSS told me to bring him to therapy" and her further statement that her DSS worker told her to take him to therapy because "when those things happen, usually kids need therapy." This testimony was inadmissible given that her state of mind was not in issue and tended to bolster the credibility of the Commonwealth's version of the facts. Compare *Commonwealth* v. *Gardner*, 30 Mass. App. Ct. 515, 528 (1991) (prejudicial testimony of aunt not relevant to prove victim's state of mind and required reversal of the defendant's convictions). Cf. *Commonwealth* v. *McIntyre*, 430 Mass. 529, 540 (1999). We are assured, however, that in this bench trial, the judge's decision was "not substantially swayed by the error." *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994), quoting from *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983). There was an abundance of properly admitted evidence of guilt as to the charge of fellatio, and the judge acquitted him of the anal rape charge. Because of the substantial nature of the inculpatory evidence, the trial judge could not have been influenced by the mistakenly admitted evidence. See *Commonwealth* v. *McIntyre*, *supra* at 541.

The same principle applies with respect to the juvenile's contention that the judge erroneously admitted the victim's hospital record which contained prejudicial reference to the juvenile's character and lifestyle and comments regarding the juvenile's alleged sexual abuse of the victim. These details were " 'merely cumulative' of evidence properly before the [trial judge]," and had no effect on his verdict. *Commonwealth* v. *Thornley*, 406 Mass. 96, 101 (1989), quoting from *Commonwealth* v. *Sinnott*, 399 Mass. 863, 872 n.8 (1987).

The juvenile's adjudication of delinquency by reason of rape of a child is affirmed.

*So ordered.*

*Mark J. Pasquariello* for the juvenile.

*Sidney E. Reavey*, Assistant District Attorney, for the Commonwealth.