COMMONWEALTH vs. THOMAS J. STEVENS, III.

Norfolk. November 6, 1979. — February 8, 1980.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance
of counsel.

There was no merit to a defendant's claim that he was improperly re-
quired to go to trial with his court-appointed counsel. [773]
There was no merit to a defendant's contention that he was denied effec-
tive assistance of counsel by the fact that his attorney did not pursue an
insanity defense where there was nothing in the record to raise any
reasonable issue as to the defendant's mental condition. [773-774]
In the circumstances, the defendant at a criminal trial was not denied
effective assistance of counsel by his counsel's failure to cross-examine
the prosecution's witnesses and his offer to stipulate to their statements
[774-776]; nor was the judge required to conduct a special inquiry into
the defendant's understanding and approval of his counsel's trial
strategy [776].

INDICTMENTS found·and returned in the Superior Court
on January 26, 1976.

The case was heard by *Linscott, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Thomas A. Hensley* for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Com-
monwealth.

WILKINS, J. The defendant was convicted in September,
1978, after a jury waived trial. The trial judge denied a
motion for a new trial. In this appeal, in which he is repre-
sented by newly appointed counsel, the defendant argues
that (1) he was required improperly to go to trial with his
court-appointed counsel, and (2) he was denied the effective

assistance of counsel at his trial or, in the alternative, his trial was in effect a defective plea of guilty. We transferred the appeal here on our own motion. We affirm the convictions.

The defendant was charged with armed assault with intent to murder and armed robbery of a Braintree motel auditor in November, 1975. Counsel from the Massachusetts Defenders Committee was appointed to represent him. The defendant fled the day before his case was to be tried in July, 1976. He claims that he fled because his counsel was unprepared for trial. The record does not show that counsel was not prepared for trial on the day following the defendant's departure. His counsel had appeared at the defendant's probable cause hearing and various pretrial motions had been allowed. The failure of counsel to obtain a transcript of the probable cause hearing is not shown to have prejudiced the defendant. The defendant's own actions make insignificant the lack of preparation, if any, of counsel in July, 1976.

When the defendant was returned to court in May, 1978, he objected to the appointment of another attorney from the Massachusetts Defenders Committee, and he argued further that the lack of preparation of his original counsel required the dismissal of the indictments. Certainly the motion to dismiss the indictments was properly denied. We see no substance to that claim, nor was there any reason not to continue with appointed counsel.

The defendant claims that he was denied his constitutional right to effective assistance of counsel because his counsel did not pursue an insanity defense. In assessing a claim of ineffective assistance of counsel, first we must consider whether there has been "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Secondly, there must be some showing that, if counsel had not erred, something might have been accomplished. See *Commonwealth* v. *Adams*, 374 Mass. 722, 727 (1978); *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977); *Saferian, supra* at 98. There are

situations in which the failure to investigate a possible defense of lack of criminal responsibility will amount to ineffective representation of a defendant. See *Osborne* v. *Commonwealth*, 378 Mass. 104, 111 (1979). The record in this case, however, even after presentation of the motion for a new trial, is insufficient to raise any reasonable issue as to the defendant's mental condition. The defendant had never been treated for a mental condition. Counsel had no obligation, indeed no right, to present a defense of lack of criminal responsibility which could not be supported by evidence. See *Commonwealth* v. *Bernier*, 359 Mass. 13, 21 (1971). There is nothing in this record to show that if defense counsel had conducted a more complete investigation, any reasonable argument that the defendant lacked criminal responsibility would have been discovered.

We come then to what happened at trial. Defense counsel did not cross-examine the prosecution's witnesses. The case against the defendant was strong because the victim previously knew the defendant as a guest at the motel. Defense counsel offered to "stipulate to the government's witnesses' statements and their stories," but the trial judge did not accept the offer. After the defendant took the stand, his counsel stated "that the defendant understands exactly what he is doing in this case," and the defendant testified that he understood that he and his counsel were going through this procedure as a means to protect his appellate rights. In denying the motion for a new trial, the trial judge observed that "the strategy of the trial was to let the government make out its case beyond a reasonable doubt if able to do so. The defendant claimed he had no knowledge of the crimes of which he was accused. He was thus not in a favorable position for changes of pleas."

At the hearing on the motion for a new trial, the defendant testified that he never agreed to stipulate to the witnesses's statements or stories. His trial counsel was not called to testify. The defendant did testify that he understood at the time of trial that he would lose his appellate rights concerning the denial of pretrial motions and the in-

effectiveness of counsel if he pled guilty. He also agreed that he made no suggestions to his counsel during the course of his trial, although he had the opportunity to do so. The trial judge stated, in denying the motion for a new trial, that he remembered the case well, and that he had observed no evidence of hostility or lack of cooperation between the defendant and his attorney.

We have here a case in which there was no apparent defense to be offered. The case against the defendant was strong. The judge might have had difficulty in accepting a guilty plea because the defendant claimed lack of memory and thus was unable to admit to the commission of the crimes. See *Commonwealth* v. *Morrow,* 363 Mass. 601, 607-608 (1973). The defendant had certain claims of error in pretrial proceedings, including a claim of the ineffective assistance of counsel. The defendant testified at trial that the case was proceeding as it was in order to preserve his appellate rights on these issues. To be sure, his counsel might have cross-examined the prosecution's witnesses, but in the circumstances a tactical decision not to cross-examine did not constitute ineffective assistance of counsel.

We are left with the question whether there should have been an inquiry on the record into the defendant's understanding of the proceedings. In *Boykin* v. *Alabama,* 395 U.S. 238 (1969), requirements are set forth for the taking of a guilty plea in order to show on the record that the plea was voluntary and knowing. See *Commonwealth* v. *Morrow, supra* at 603. The defendant argues that *Boykin* principles should be applied in this case. We reject that argument. Unlike the case of a guilty plea, the Commonwealth was put to its proof beyond a reasonable doubt and met it. Moreover, the defendant's asserted lack of memory made a *Boykin*-like inquiry difficult at best. This is not a case in which counsel entered a plea which was inconsistent with his client's contemporaneously expressed desire. See *Brookhart* v. *Janis,* 384 U.S. 1, 7 (1966). It is most significant that the defendant acknowledged at trial that he understood and approved the strategy of preserving his appellate rights con-

cerning pretrial matters. The defendant had a weak case, but he did not plead guilty. The trial judge was not required to conduct a special inquiry into the defendant's understanding and approval of his counsel's trial strategy.

We add that a trial judge who perceives what appears to be a decision not to contest the Commonwealth's proof (in order to preserve appellate rights concerning pretrial rulings) might appropriately consider making some inquiry whether the defendant understands the significance of his apparent choice. See *United States* v. *Strother*, 578 F.2d 397, 404-405 (D.C. Cir. 1978). Defense counsel would serve the administration of justice well by bringing such situations to the attention of the judge and asking for an inquiry. We leave to another time, should it arise, the question whether a judge who made such an inquiry in a jury waived case might have to recuse himself from considering the case on the merits.

*Order denying motion for new trial affirmed.*

*Judgments affirmed.*