COMMONWEALTH *vs*. MARK V. HILL.

Middlesex.   March 12, 1985. — May 29, 1985.

Present: BROWN, ROSE, & WARNER, JJ.

*Practice, Criminal*, Plea, Stipulation by defendant, Indictment. *Habitual Offender*.

Convictions on certain theft charges were reversed, where the defendant had been found guilty on the basis of a stipulation which conclusively established his guilt and where there was nothing in the record to show that the defendant had made the stipulation voluntarily and intelligently. [131-133]

An indictment, phrased in the statutory form, charging the defendant with being a habitual criminal was sufficiently detailed to withstand a motion to dismiss. [133]

INDICTMENTS found and returned in the Superior Court Department on February 8, 1984.

The cases were tried before *Paul G. Garrity*, J.

*Andrew Silverman*, Committee for Public Counsel Services, for the defendant.

*Fredric Lee Ellis*, Assistant District Attorney, for the Commonwealth.

ROSE, J. The defendant, Mark V. Hill, appeals from three convictions arising out of the nighttime theft of personal property from a Framingham apartment (theft convictions). He also appeals from a conviction on a charge of being an habitual criminal. G. L. c. 279, § 25. The charges relating to theft and those concerning habitual criminality were tried separately, jury-waived in the Superior Court, to the same judge. The theft charges were tried solely upon a statement of agreed facts ("stipulation") in which the defendant admitted his intent "to perpetrate a breaking and entering to obtain money" and his actual breaking into, and subsequent theft of property from, the apartment. The stipulation also included admissions that

the defendant fled from the apartment when surprised and that when the police apprehended him they found stolen property on his person as well as a caulking substance on his clothes and hands "consistent with the caulking placed on the door that had been pried open." The defendant also stipulated that he had voluntarily waived Miranda rights and confessed to the break-in.

1. *Effect of the stipulation*. The theft trial consisted, in substance, of the prosecutor's opening statement and the admission in evidence of the stipulation. The judge pronounced the defendant guilty after he read the stipulation. There is no contention that the stipulation contained insufficient evidence to satisfy the Commonwealth's burden of proving beyond a reasonable doubt every element of the offenses charged. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). Indeed, it is plain that the stipulation conclusively established the defendant's guilt. The defendant contends, however, that his stipulation was a de facto guilty plea, and that the judge could not accept it without first ascertaining on the record whether the defendant offered it voluntarily and intelligently. See *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491, 497 (1985). See also Mass.R.Crim.P. 12(c) (3), 378 Mass. 868 (1979); *Commonwealth* v. *Duquette*, 386 Mass. 834, 844-845 (1982). The Commonwealth asserts that the stipulation was not the equivalent of a guilty plea, but rather a strategem to preserve the right to appeal from unfavorable rulings on pretrial motions, and that, pursuant to *Commonwealth* v. *Stevens*, 379 Mass. 772, 776 (1980), a "trial judge [is] not required to conduct a special inquiry into the defendant's understanding and approval of his counsel's trial strategy."[1]

In *Duquette*, the defendant pleaded not guilty but admitted to sufficient facts to warrant a guilty finding. His case was con-

---

[1] Both parties have directed our attention to Federal cases that may be viewed as buttressing their respective positions. Many of those cases are distinguishable on their facts from the present case. Those that are factually analogous reflect divisions of opinion among the circuits. In the absence of a discernable line of Federal cases, we are not disposed to look in that direction for guidance. Compare *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc.,* 393 Mass. 287, 289 n.3 (1984).

tinued without a finding for some time subject to his fulfilling certain conditions, which the defendant never fulfilled. As a result, he was ultimately convicted and sentenced. The Commonwealth argued, and the Supreme Judicial Court agreed, that Duquette's "admission to sufficient facts constituted a valid basis for conviction [in the absence of jury trial] because it amounted, under the circumstances, to a change of plea from not guilty to guilty." *Commonwealth* v. *Duquette*, 386 Mass. at 841. However, the Supreme Judicial Court also held that such "a guilty plea may not be accepted without an affirmative showing [on the record and in open court] that the defendant acts voluntarily and understands the consequences of his plea." *Ibid.*

In *Stevens*, the trial judge refused to accept a proffered stipulation as to what the Commonwealth's witnesses would say.[2] The witnesses testified. Stevens, therefore, had a trial at which the Commonwealth was obliged to prove him guilty beyond a reasonable doubt without affirmative assistance from him.

The crucial distinction between *Duquette* and *Stevens* is that in *Duquette*, the defendant conceded the Commonwealth's case; in *Stevens*, though no defense was offered, the defendant afforded the Commonwealth no conclusively incriminating admissions. When, as in the present case, a defendant stipulates the truth of facts that are conclusive of guilt, he in effect relinquishes the same rights as one who pleads guilty. Therefore, in accordance with *Commonwealth* v. *Duquette*, 386 Mass. at 844-846, that defendant is entitled to the same safeguards that surround the acceptance of a guilty plea.[3] Accordingly, in order to protect these rights, we are here obliged

---

[2] Stevens did not offer to stipulate the *truth* of the prosecution's evidence. In contrast, the defendant in the present case not only "agreed" with the stipulation but also admitted his criminal intent. Compare *United States* v. *Lawson*, 682 F.2d 1012, 1015 (D.C. Cir. 1982).

[3] The inquiry by the judge is to follow the guidelines set forth in Mass.R.Crim.P. 12(c) (3). When, as here, the defendant has made a valid waiver of his right to a jury trial, he need not be readvised of that right. See, e.g., *Commonwealth* v. *Duquette*, 386 Mass. at 844-845.

to reverse all four judgments.[4] In so doing, we express no position as to what safeguards, if any, are appropriate in cases in which a defendant's stipulation is *not* conclusive of guilt.

2. *Issues likely to arise on retrial.* The defendant asserts that the habitual criminal charge must be dismissed because it failed to set forth with specificity the two prior convictions upon which the charge was founded. A charge, such as the one in this case, phrased in the statutory form, see G. L. c. 279, § 25, is sufficiently detailed to apprise the defendant of the particular offense charged. *Commonwealth* v. *McClaine*, 367 Mass. 559, 560 (1975). Moreover, should a defendant be mystified by a charge, he may of course move for a bill of particulars. See G. L. c. 277, § 34; Mass.R.Crim.P. 13(b) (1), 378 Mass. 872 (1979). In the absence of such a motion, the opportunities for appellate review are limited. See *Commonwealth* v. *De La Cruz*, 15 Mass. App. Ct. 52, 57 (1982).[5]

Accordingly, the judgments are reversed, the findings set aside, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[4] One guilty finding has been placed on file. However, because all of the convictions are "tainted by the same improper procedure," we set that finding aside in the interest of judicial economy. *Commonwealth* v. *Abreu*, 391 Mass. 777, 777 n.1, 778 (1984).

[5] The contention that offenders must twice *serve* the minimum sentences described in G. L. c. 279, § 25, in order to be deemed habitual criminals is erroneous. *Commonwealth* v. *Tuitt*, 393 Mass. 801, 812 n.11 (1985).