Following a jury trial in the Roxbury Division of the Boston Municipal Court, the defendant, Vladimir A. Jean-Baptiste, was convicted of operating a motor vehicle under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24(1)(a )(1). After a subsequent jury-waived trial, the judge found that it was the defendant's second OUI conviction. On appeal, the defendant claims a number of errors by the prosecutor and the trial judge. We affirm.
Background. We summarize the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth, and reserve certain details for the discussion of the issues. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). In the early morning hours of December 28, 2013, Boston police Officer Kevin Cahill responded to the scene of a motor vehicle accident in the Roxbury section of Boston. On arrival, he saw a car stuck on a snowbank, with the defendant in the driver's seat trying to drive the car off the bank. There was a passenger in the car, Chuks Abuda. The defendant smelled of alcohol and had glassy, bloodshot eyes. A second officer, Robert Hurley, arrived and asked the defendant if he had been drinking; the defendant responded affirmatively. Asked what had happened and if he had been driving, the defendant repeatedly stated that he could not remember. When asked to perform a field sobriety test, the defendant failed to pay attention, did not follow the instructions, and did not perform the test. When the officer tried to repeat the instructions, the defendant again failed to pay attention and instead asked to make a telephone call. The officers then arrested the defendant.
Discussion. 1. Opinion testimony. The Commonwealth concedes, and we agree, that it was error for Officer Cahill to testify that in his opinion the defendant was "operating under the influence." See Commonwealth v. Canty, 466 Mass. 535, 544 (2013) ; Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 605 (2013). The judge immediately cured this error by sustaining the defendant's objection and striking the testimony from the record. The judge also instructed the jurors in the final charge not to consider any answer stricken from the record. Jurors are presumed to follow the judge's instructions. Commonwealth v. Mendez, 476 Mass. 512, 520 (2017). Thus, the error did not prejudice the defendant. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 389-390 (2017).
2. The defendant's failure to perform field sobriety tests. The defendant claims that the police witnesses, and the prosecutor, impermissibly suggested that he showed consciousness of guilt by refusing to perform field sobriety tests. However, the defendant's reliance on Commonwealth v. McGrail, 419 Mass. 774, 779 (1995), is misplaced, as the Commonwealth here did not attempt to draw a negative inference from the defendant's failure to perform field sobriety tests. See Commonwealth v. Brown, 83 Mass. App. Ct. 772, 779 (2013).[2]
The police testimony, that the officers arrested the defendant in part because when "he was asked to take a field sobriety test," he appeared "disinterested," and was "looking off," "not paying attention," and "aloof," was not suggestive of the defendant's consciousness of guilt, and thus admissible. The first statement occurred when Officer Cahill testified that they arrested the defendant based on the officers' observations of him, including his conduct during the officers' attempted field sobriety test instructions and demonstration. The second set of statements all refer, again, to observations made by the police during their interactions with the defendant, and were not improper. See Commonwealth v. Hampe, 419 Mass. 514, 523 (1995).[3]
Nor did the prosecutor misuse this testimony during closing argument. The remarks that the defendant complains of all properly highlighted the evidence of the defendant's intoxication. To that effect, the prosecutor directed the jurors' attention to the police testimony of the defendant's disoriented state and his failure to pay attention to the test instructions. Such statements are well within the scope of acceptable closing argument. See Commonwealth v. Pettie, 363 Mass. 836, 840 (1973). See also Mass. G. Evid. § 1113(b)(2) (2017).
3. Other challenges to the prosecutor's closing argument. The defendant also claims error as to a number of other statements made by the prosecutor during closing argument. Because there was no objection at trial, we review the statements to determine whether they caused a substantial risk of a miscarriage of justice. Commonwealth v. Resende, 476 Mass. 141, 154 (2017).
There was no error in the prosecutor's pointing out that the defendant's statements to police at the scene were inconsistent with his defense at trial, namely, the defendant's failure to identify Abuda as the driver. Contrary to the defendant's claim, the prosecutor's point was not that the defendant had failed to assert his innocence; rather, the clear thrust was to draw attention to the inconsistency between the defendant's statements at the scene that he did not know what happened and his trial theory that he was not the driver. See Commonwealth v. Richotte, 59 Mass. App. Ct. 524, 528 (2003). "The defendant had a constitutional right to silence, not a right to tell a story and then avoid explaining crucial omissions by stating they were an exercise of the right to silence." Commonwealth v. Sosa, 79 Mass. App. Ct. 106, 113 (2011).
It was also not error to invite the jury to contrast photographs taken at the scene showing a straight line of skid marks with Abuda's testimony that the car was swerving prior to crashing. Counsel may ask jurors to use their common sense and to apply their common experience to the evidence, so long as the subject at issue does not require expert knowledge. See Commonwealth v. Silva, 388 Mass. 495, 508 (1983). See also Mass. G. Evid. § 1113(b)(2). Here, the prosecutor asked the jurors to use their common sense in comparing the photographs showing skid marks with Abuda's testimony. The comparison did not require expert testimony. See Turcotte v. DeWitt, 332 Mass. 160, 165 (1955) ("The jury were given a full description of the [skid] marks on the road and the subject was such as to be easily comprehended by them. There was no necessity for expert testimony"). Furthermore, the defendant's claim that the prosecutor's argument impermissibly attacked Abuda's credibility lacks merit, as Abuda's own admission that he lied to the police was likely far more damaging to his credibility.
Finally, the judge properly cured the prosecutor's mistaken use of the word "attest." We agree with the judge, who told the jury that "I think the prosecutor meant to say 'suggest.' " In any event, the judge's prompt curative instruction cured any risk, as did his instruction during his charge that closing arguments are not evidence. See Commonwealth v. Griffin, 475 Mass. 848, 859-860 (2016).
4. Colloquy on stipulated facts. As the record makes plain, following the jury verdict, the defendant, after conferring with counsel, proceeded to a jury-waived trial on the subsequent offense portion of the charge, based entirely on stipulated evidence. For the first time on appeal, the defendant, relying on Commonwealth v. Monteiro, 75 Mass. App. Ct. 280, 289 (2009), contends that the judge erred by not conducting a colloquy like the one required for a change of plea. The record reveals that prior to the bench trial, the defendant signed a waiver of the right to trial by jury. The judge then conducted a jury waiver colloquy. The defendant informed the judge that he had discussed the matter fully with his attorney and was satisfied with the advice he had received from his attorney. In addition, earlier that same day, the defendant participated in a jury trial in which his attorney cross-examined witnesses called by the Commonwealth and called a witness for the defendant. At that trial, the defendant exercised his right not to testify. The jury were fully instructed that the defendant is presumed innocent, that no adverse inference could be drawn against the defendant based on his failure to testify, and that the Commonwealth has the burden of proving the defendant's guilt beyond a reasonable doubt. After the waiver of his right to trial by jury, the record indicates that defense counsel informed the judge that "we" were proceeding with a trial on the basis of stipulated evidence to preserve issues from the jury trial for appellate review. In these circumstances, the judge was not required to conduct a further colloquy. See Commonwealth v. Stevens, 379 Mass. 772, 775-776 (1980). Contrast Commonwealth v. Castillo, 66 Mass. App. Ct. 34, 37 (2006) (nothing in record suggested that defendant was aware of significance of trial based on stipulated evidence).[4]
Judgment affirmed.

Here, the closest a prosecution witness came to testifying that the defendant refused to perform a field sobriety test was when Sergeant Hurley testified that the defendant asked to make a telephone call instead of paying attention to the test demonstration. Recognizing the danger, the judge called counsel to sidebar and then allowed the prosecutor to lead the witness away from the subject. Defense counsel accepted this course of action in lieu of moving to strike the testimony. See Commonwealth v. Johnston, 467 Mass. 674, 695 (2014) (lack of objection at trial some indication that claimed error was not unfairly prejudicial).

We note that the first person to suggest that the defendant had not performed the test was defense counsel who, on cross-examination of Officer Cahill, asked: "But the field sobriety tests weren't tried, were they?" The prosecutor objected before the officer answered. At sidebar, the prosecutor explained that defense counsel's question might elicit inadmissible evidence that the defendant refused to take the test. Defense counsel agreed.

It is unnecessary to address the defendant's claims that his trial counsel provided him with ineffective assistance by not objecting to the testimony and arguments discussed above, as the standard of review in such cases is identical to the "substantial risk" standard used here. Commonwealth v. Randolph, 438 Mass. 290, 295-296 (2002).