Before us are the consolidated appeals from orders denying the defendant's postconviction motions concerning his two convictions, after a bench trial, as a level three armed career criminal under G. L. c. 269, § 10G (c ) (ACC).[2] Because only two of the three predicate offenses upon which those convictions rested were sequential, see Commonwealth v. Resende, 474 Mass. 455 (2016), we agree with the defendant that the findings that the defendant was guilty as a level three armed career criminal and the consolidated sentence based on the three predicate offenses must be vacated and that the case must be remanded for the entry of findings that the defendant is guilty as a level two armed career criminal pursuant to G. L. c. 269, § 10G (b ), and for resentencing.
Background. At the conclusion of the jury trial on the underlying offenses, the judge asked whether the defendant wished to try to the jury the subsequent offense and ACC portions of the indictments charging the defendant with possession of a firearm without a license. Defense counsel responded that it was not necessary to hold the jury because "[i]f there is to be a trial, it will either be a bench trial before yourself or a fact stipulated jury waived bench trial before yourself." The judge then conducted a jury-waiver colloquy with the defendant, and scheduled the jury-waived trial for the following week.
When that date arrived, the clerk called the ACC trial by announcing to the defendant that he was "before the Court as to those indictments on a jury waived trial." Defense counsel then announced that "[w]e are stipulating on the convictions," a statement about which the judge sought clarification by asking whether "the defendant is agreeing with the Commonwealth to the five convictions that [are] listed under the armed criminal -- armed career criminal aggravating factor on the possession for a firearm, not at home, or school, namely Count I and Count II?" Defense counsel said, "Yes."[3] The judge made no further inquiry at this point, did not state that he accepted the stipulation, did not conduct a colloquy to determine whether the defendant was knowingly agreeing to a trial on stipulated facts, and did not state that he was converting the trial to one on stipulated facts. Instead, the judge asked whether the prosecutor was ready to proceed. The prosecutor was, but announced that "for the purposes of judicial economy," the Commonwealth would only "be moving forward on" the first "three predicative [sic ] offenses for the purposes of the armed career criminal statute." On that basis, the jury-waived ACC trial proceeded with the prosecutor eliciting testimony and introducing documentary evidence concerning those three prior convictions only. All the formalities of a bench trial then followed: the witness was sworn, documents were marked first for identification and then subsequently admitted after sufficient foundation was laid, and the judge permitted cross-examination by defense counsel. At the conclusion of his presentation of the evidence, the prosecutor stated, "[T]he Commonwealth rests." The judge then turned to hear from the defense counsel, who rested without presenting any evidence. In short, the ACC trial was conducted as a typical jury-waived trial and carried none of the indicia, or protections, of a trial on stipulated facts.
Discussion. The lack of colloquy in particular appears to us dispositive. "A trial based on stipulated evidence is not 'a trial constitutionally capable of supporting a conviction,' Commonwealth v. Brady, 59 Mass. App. Ct. 784, 788 (2003), unless it appears on the record that there is an inquiry whether the defendant understands the significance of such a trial as opposed to a customary trial, see Commonwealth v. Stevens, 379 Mass. 772, 776 (1980) ; that the defendant is informed of the rights the defendant has surrendered, including the right to confrontation, the right to cross-examine witnesses, and the right to testify, among others; and that the defendant freely, knowingly and voluntarily waives those rights." Commonwealth v. Castillo, 66 Mass. App. Ct. 34, 37 (2006). There is nothing to indicate that the defendant was aware of the significance of proceeding with a trial on stipulated evidence or of any of the constitutional rights he was waiving.
In these circumstances, although defense counsel stated the defendant was stipulating to the five predicate convictions identified in the indictments, we cannot say that the Commonwealth proved all five convictions as a result of a jury-waived trial on stipulated facts. Instead, the Commonwealth proved only three predicate offenses and there is no dispute that those three convictions are not sequential as required by Resende, 474 Mass. at 462-470.[4] The convictions as a level three armed career criminal therefore rest on insufficient evidence.
The defendant further argues that his adult conviction of assault and battery by means of a dangerous weapon does not qualify as a violent crime for purposes of the ACC.[5] This argument is foreclosed by Commonwealth v. Rezendes, 88 Mass. App. Ct. 369, 372 (2015), where we held that "[i]t is undisputed that, if committed by an adult, an assault and battery by means of a dangerous weapon would be punishable by imprisonment for a term exceeding one year and thus would constitute a violent crime under the Massachusetts [Armed Career Criminal Act]."
For these reasons, the findings that the defendant is guilty as a level three armed career criminal pursuant to G. L. c. 269, § 10G (c ), and the consolidated sentence based on the three predicate offenses cannot stand, and the case must be remanded for entry of findings that the defendant is guilty as a level two armed career criminal pursuant to G. L. c. 269, § 10G (b ), and for resentencing.
Conclusion. The orders entered July 14, 2017, and August 22, 2017, denying the motion to dismiss the indictments and the motions for reconsideration and to correct the record are affirmed. The order entered January 12, 2018, denying the motion to vacate the convictions is vacated, and the case is remanded for further proceedings consistent with this memorandum and order.
So ordered.
Affirmed in part; vacated in part and remanded.

The defendant's motion filed on October 10, 2017, to vacate the ACC convictions was denied on the ground that the issue raised had been waived because it had not been raised in an earlier postconviction motion. Although we agree the issue was waived, the defendant was (and is) entitled to have it considered for purposes of determining whether any error resulted in a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 293-294 (2002) ("A finding of waiver does not end the analysis, however. All claims, waived or not, must be considered. The difference lies in the standard of review that we apply when we consider the merits of an unpreserved claim"). Here, because the three predicate offenses were not sequential, the Commonwealth's proof was insufficient to establish that the defendant was a level three armed career criminal. Insufficiency of the evidence creates a substantial risk of a miscarriage of justice. See Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986) (conviction based on legally insufficient evidence creates substantial risk of miscarriage of justice).

The stipulation was not in writing.

There is no dispute that two of the convictions were sequential.

For purposes of the statute, "[v]iolent crime" is defined as:
"any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or possession of a deadly weapon that would be punishable by imprisonment for such term if committed by an adult, that: (i) has as an element the use, attempted use or threatened use of physical force or a deadly weapon against the person of another; (ii) is burglary, extortion, arson or kidnapping; (iii) involves the use of explosives; or (iv) otherwise involves conduct that presents a serious risk of physical injury to another." G. L. c. 140, § 121.