NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-722

COMMONWEALTH

vs.

JEANINE M. CAPPELLO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of her motion to withdraw her admission to sufficient facts on charges of assault and battery on a family or household member and operating a motor vehicle while under the influence of intoxicating liquor.[1] We discern no error of law or abuse of discretion by the motion judge, and affirm, for substantially the reasons articulated by the judge in her memorandum of decision.

As the Commonwealth acknowledges, the failure of the Office of Alcohol Testing (OAT) to comply with discovery obligations concerning the reliability of certain devices used to test blood alcohol levels entitles a defendant who entered a guilty plea on

---

[1] As a result of the defendant's admission to sufficient facts, both charges were continued without a finding and then dismissed.

a charge of operating under the influence, in circumstances where the Commonwealth's evidence includes a breathalyzer test, to a conclusive presumption of government misconduct under the Scott-Ferrara test for withdrawal of a guilty plea.[2]  See Commonwealth v. Hallinan, 491 Mass. 730, 749 (2023), citing Commonwealth v. Scott, 467 Mass. 336, 346 (2014), and Ferrara v. United States, 456 F.3d 278, 290 (1st Cir. 2006).  Under the second prong of that test, however, a defendant seeking to withdraw a guilty plea (or, as in this case, an admission to sufficient facts) has the burden to establish a reasonable probability that, had she known of the government misconduct, the defendant would not have admitted to sufficient facts and would instead have insisted on going to trial.  Hallinan, supra at 750.  "Establishing such a reasonable probability requires examining the totality of the circumstances, guided by a number of specific factors.  These factors include

> "(1) whether evidence of the government misconduct could have detracted from the factual basis used to support the guilty plea, (2) whether the evidence could have been used to impeach a witness whose credibility may have been outcome-determinative, (3) whether the evidence is cumulative of other evidence already in the defendant's possession, (4) whether the evidence would have influenced counsel's recommendation as to whether to accept a particular plea offer, and (5) whether the value of the evidence was outweighed by the benefits of entering into the plea agreement."

---

[2] An admission to sufficient facts is, for such purposes, equivalent to a guilty plea.  See, e.g., Commonwealth v. Hill, 20 Mass. App. Ct. 130, 132 (1985).

Id., quoting Scott, supra at 355. "We review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted). Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018).

In the present case, as the motion judge observed, the defendant was charged with operating under the influence on alternative theories of a blood alcohol test and evidence of impairment. The evidence of impairment was substantial.[3] Moreover, the defendant's motion does not enjoy the support of an affidavit of plea counsel, describing how he would have challenged the evidence of impairment, or suggesting that the breathalyzer evidence played a decisive or even a significant role in the defendant's decision to admit to sufficient facts.[4] See Commonwealth v. Upton, 484 Mass. 155, 162-163 (2020).

Also of importance is the fact that the charges against the defendant were not limited to the charge of operating under the influence. The breathalyzer evidence had little to no bearing

_____

[3] We adopt by reference the description included in the judge's memorandum of decision, the accuracy of which the defendant does not challenge.

[4] We note as well that the defendant's motion offers no explanation of efforts to obtain an affidavit of plea counsel, or of any reluctance or resistance by plea counsel to provide one.

on the strength of the Commonwealth's case against the defendant on the charge of assault and battery on a family or household member, and the defendant's admission to sufficient facts resulted in a continuance without a finding on both charges as part of a package disposition. As the motion judge explained, the evidence on this charge was also substantial, and supported by the accounts of two uninterested witnesses. Quite apart from the potential penalties for the charge of operating under the influence, the charge of assault and battery on a family or household member carries a potential sentence of two and one-half years in the house of correction, or a fine of up to $5,000. See G. L. c. 265, § 13M (a). By admitting to sufficient facts on both charges, the defendant avoided any period of incarceration, and even escaped certain of the conditions of probation requested by the Commonwealth.

The motion judge did not abuse her discretion in concluding that the defendant had not shown that "justice may not have been

done."  Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).

Order denying motion to
    withdraw admission to
    sufficient facts affirmed.

By the Court (Green, C.J.,
  Henry & Ditkoff, JJ.[5]),

Assistant Clerk

Entered:  May 1, 2024.

---

[5] The panelists are listed in order of seniority.