The defendant, Evan Burton, appeals after he was convicted of carrying a firearm without a license, see G. L. c. 269, § 10(a ), and carrying a loaded firearm without a license, see G. L. c. 269, § 10(n ). Because the Commonwealth concedes that the colloquy conducted incident to the defendant's stipulation to the facts supporting his convictions was defective,[2] we vacate the judgments and set aside the findings. See Commonwealth v. Castillo, 66 Mass. App. Ct. 34, 37 (2006) ("A trial based on stipulated evidence is not 'a trial constitutionally capable of supporting a conviction,' ... unless it appears on the record that there is an inquiry whether the defendant understands the significance of such a trial as opposed to a customary trial"). The invalidity of the convictions does not, however, deprive this court of jurisdiction to decide the defendant's challenge to the order denying his pretrial motion to suppress, and we are unpersuaded by the Commonwealth's suggestion that we should decline to address that issue; the issues have been fully briefed and argued by both sides, and principles of judicial economy, if not basic justice, strongly favor our resolution of the question as it now stands before us, rather than after further proceedings in the Superior Court. See Commonwealth v. Brown, 55 Mass. App. Ct. 440, 448-449 (2002) (rejecting defendant's challenges to denial of motions to dismiss, but reversing judgment based on defective colloquy at evidence-stipulated trial); Commonwealth v. Monteiro, 75 Mass. App. Ct. 280, 289 (2009) (affirming order denying motion to suppress, but reversing judgment based on defective colloquy issue).
The defendant claims that the stop and frisk resulting in discovery of a loaded firearm in his possession was not justified by reasonable suspicion. We agree. A police officer may only make an investigatory stop where "specific and articulable facts and reasonable inferences therefrom" provide "reasonable ground to suspect that a person is committing, has committed, or is about to commit a crime." Commonwealth v. Wilson, 441 Mass. 390, 394 (2004). Here, the Commonwealth has not established that the police had reasonable suspicion to stop and frisk the defendant.
Passing the question whether the information contained in the dispatch was sufficiently detailed to implicate the defendant as the "unknown male in a white t-shirt fleeing on a bike heading from Ruggles [Street] towards Columbus [Avenue]," away from the area of an anonymous report of "shots ... fired," there was nothing in the information available to police to indicate whether the fleeing male was a victim, a witness, the shooter, or an entirely uninvolved passerby.[3] Therefore, the police could not have had "an individualized suspicion that the person seized ... [was] the perpetrator" of criminal activity. Commonwealth v. Meneus, 476 Mass. 231, 235 (2017), quoting from Commonwealth v. Warren, 475 Mass. 530, 534 (2016). Put simply, the flight of a person from an area in which shots are fired, without more, does not implicate the fleeing person in criminal activity, as it is reasonable to expect most persons present to flee from such an area, whether or not they had any involvement in the shooting.[4]
The judgments are vacated and the findings are set aside. In addition, the order denying the defendant's motion to suppress is reversed and a new order shall enter allowing the motion. The rescript is to issue forthwith.
So ordered.
Judgments vacated; order reversed, and new order entered.

The colloquy failed to include an explanation that the defendant was waiving certain fundamental constitutional rights, including his right to cross-examine witnesses and his privilege against self-incrimination.

As the Commonwealth acknowledged at oral argument, there is no evidence to support the motion judge's description of the fleeing male as the "shooter" in his order denying the defendant's motion to suppress.

The other factors cited by the Commonwealth to support reasonable suspicion, including the "high-crime area" in which the incident occurred, the defendant's suspected gang affiliation, and his nervous demeanor upon being approached by police, are unavailing for essentially the same reason: nothing in the report implicated the defendant's involvement in criminality, as compared to his quite understandable flight from a location when shots were fired.