## COMMONWEALTH vs. RICHARD J. FANELLI.

Norfolk. January 9, 1992. - April 21, 1992.

Present: LIACOS, C J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Plea, Presence of defendant, Agreement between prosecutor and defendant. *Constitutional Law*, Plea, Assistance of counsel.

A criminal defendant's claim that his absence from a lobby conference between counsel and the judge, at which sentences were discussed and determined, violated his constitutional rights as well as requirements of Mass. R. Crim. P. 18, even if true, did not affect the knowing or voluntary nature of his pleas of guilty, nor was it inconsistent with the establishment of his guilt. [500-501]

The record of plea proceedings did not support a criminal defendant's claim that the prosecutor had increased his original sentencing offer in order to coerce pleas of guilty. [501-503]

A criminal defendant demonstrated no prejudice resulting from his attorney's representation of him in sentencing proceedings following the entry of his pleas of guilty. [503]

Where no substantial issues were raised by a criminal defendant's motion under Mass. R. Crim. P. 30, a judge was within his discretion in denying the motion without a hearing. [504]

INDICTMENTS found and returned in the Superior Court Department on November 18, 1987.

The cases were heard by *George N. Hurd, Jr.*, J., and a motion for leave to withdraw pleas of guilty was considered by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Jonathan Brant* for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.

The defendant, pro se, submitted a brief.

ABRAMS, J. On September 6, 1987, Brookline police officers, responding to a telephone call, saw the defendant, Richard J. Fanelli, run out of the rear door of a home. The defendant was apprehended and placed under arrest. Property identified by its owners was found on the defendant's person, along with a flashlight, a screwdriver, and a small amount of cocaine. The defendant pleaded guilty to breaking and entering in the nighttime, larceny of property of a value over one hundred dollars, possession of burglarious tools, and possession of a class B substance (cocaine).

The defendant pro se subsequently moved to withdraw the guilty pleas on the grounds that: (1) his absence from a presentencing lobby conference between counsel and the judge, at which sentences were discussed and determined, denied him his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution, and under art. 12 of the Massachusetts Declaration of Rights, and of his right under Mass. R. Crim. P. 18, 378 Mass. 887 (1979), "to be present at all critical stages of the proceedings"; (2) the prosecutor allegedly breached an agreement to recommend a seven to ten year sentence on the indictment for breaking and entering; (3) the prosecutor's alleged retraction of promises to recommend lighter sentences violated the defendant's due process rights under both the Fourteenth Amendment and art. 12; and (4) defense counsel's failure to call witnesses or offer evidence of mitigating factors at the sentencing hearing constituted ineffective assistance of counsel. The motion was denied without a hearing. The defendant appeals. We transferred the case to this court on our own motion. We affirm the order denying the motion to withdraw the pleas of guilty.

*Background.* According to the defendant, the following events took place during pretrial conferences of his case. At one of the defendant's appearances in court, his then attorney told the defendant that he was going to discuss a possible plea bargain with the prosecutor and the judge. The attorney soon returned with the information that "they" were offering a seven to ten year sentence for the breaking and entering,

"with a one-third parole eligibility." The defendant replied that the offer "sounded good and that [he'd] gladly take it, but [he] also [knew] that[, because his] crime was committed while on parole[,] it carried a two-thirds parole eligibility." The attorney told the defendant that he would make further inquiries. When the attorney returned again, he told the defendant that "they guarantee a one-third parole hearing." The defendant asked the attorney to secure that guarantee in writing. When the attorney returned for the third time, he informed the defendant that the prosecutor now was upset with the defendant, and "the deal was off." The case was continued to another day.

At a subsequent court appearance, the attorney told the defendant that the prosecutor was offering ten to fifteen years. Dissatisfied, the defendant responded by retaining new counsel to replace his first attorney.[1] According to the defendant, he informed his new attorney of tne earlier plea negotiations.

At the defendant's next appearance, the second attorney informed the defendant that he had just conferred with the prosecutor and judge, and that the prosecutor had recommended a fifteen to twenty year sentence; the attorney had argued for a three to five year sentence; and the judge had "settled" on twelve to twenty years.

The remaining facts are established by the record. The defendant pleaded guilty to all of the indictments against him, and the judge conducted the sentencing hearing in open court. The judge questioned the defendant at length about the voluntariness of his changing his earlier not guilty plea to a plea of guilty. The judge gave the defendant the opportunity to describe the circumstances surrounding two prior manslaughter convictions. The judge indicated that he had read the defendant's affidavit, which outlined the defendant's personal problems and drug and alcohol abuse. The defend-

---

[1] We are troubled by the fact that the defendant appears to have abused the system of public counsel by first asking to be represented by appointed counsel, and then, when dissatisfied, proved financially able to hire private counsel.

ant told the judge that he had discussed the change of pleas with his attorney, and that he was satisfied with his attorney's advice. The attorney at the plea proceedings noted that the case had been "conferenced thoroughly" with the court, reiterated that the defendant had a drug problem, and submitted a psychiatrist's report which outlined the defendant's personal history, prior convictions, and drug and alcohol abuse. Finding it to be knowing, voluntary, and intelligent, the judge accepted the defendant's guilty plea, and sentenced the defendant to twelve to twenty years' incarceration for the breaking and entering.[2]

*The defendant's absence from the lobby conference.* A defendant's guilty plea, made knowingly, voluntarily and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings prior to the entry of the guilty plea. See *Lefkowitz* v. *Newsome*, 420 U.S. 283, 288 (1975); *Tiemens* v. *United States*, 724 F.2d 928, 929 (11th Cir. 1984); *United States* v. *Yunis*, 723 F.2d 795, 796 (11th Cir. 1984); *United States* v. *Gaertner*, 583 F.2d 308, 310-311 (7th Cir. 1978); *Commonwealth* v. *Babcock*, 25 Mass. App. Ct. 688, 691 (1988); *Commonwealth* v. *Stokes*, 18 Mass. App. Ct. 637, 641 (1984), and cases cited. "This is because . . . 'a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case . . . . A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is . . . established' " (citation omitted;

---

[2]The conviction of possession of cocaine was placed on file with the defendant's consent. The defendant was sentenced to five to ten years concurrently for both the larceny and the possession of burglarious tools. Although the issue was not raised by the parties, it is not clear on what basis the defendant was sentenced on the larceny charge to a term in excess of the statutory maximum prescribed in G. L. c. 266, § 30. If the larceny sentence is without statutory authority, the defendant should be resentenced on that count.

emphasis in original). *Stokes*, *supra* at 641, quoting *Menna* v. *New York*, 423 U.S. 61, 62-63 n.2 (1975).

The defendant claims that his absence from the lobby conference, held prior to the entry of his guilty plea, violated both his constitutional rights and Mass. R. Crim. P. 18. Even if true, this claim does not affect the knowing or voluntary nature of the guilty plea; nor is it logically inconsistent with the establishment of the defendant's guilt. Further, the defendant failed to object to his absence. Cf. *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395, 400 (1975) (defendant failed to object to his absence from judge's private interview of two jurors, and hence not permitted to raise issue on appeal). Although we therefore need not reach this claim, we nevertheless note that, despite his complaint that "there were several instances of mitigating circumstances which were *not* brought to the attention of the judge" (emphasis in original) during the lobby conference, the defendant is unable to show that he was prejudiced in any way by his absence. At the sentencing hearing, the judge specifically permitted the defendant to speak on his own behalf, and the defendant availed himself of that opportunity. Further, the defendant drafted a "personal history," which the judge indicated he had read and taken into consideration.

We note that, if a lobby conference is held, the better practice is to record it, and provide a copy of the recording to the defendant on request, so that the defendant may know what was said.

*The prosecutor's alleged retraction of sentencing offers.* The defendant claims the prosecutor retracted his original sentencing offer. Because the defendant did not raise this claim at the sentencing hearing, and nothing in the record of the plea hearing supports it,[3] we reject it. Even on the facts

---

[3]We note that the only allegation regarding the prosecutor's raising the recommendation appears in the defendant's own affidavit. According to the defendant, the various recommendations were communicated to the defendant's first attorney, rather than to the defendant himself; however, there is no affidavit from the first attorney. The judge, especially in light of other inconsistencies in the defendant's allegations, see *infra* at 503 (de-

alleged by the defendant, the defendant could not have detrimentally relied on the offer, because it was immediately withdrawn. If there is no detrimental reliance, there is no basis for enforcing the promise. See *Commonwealth* v. *Smith*, 384 Mass. 519, 521 (1981) ("We will enforce a prosecutor's promise where the defendant has reasonably relied on that promise to his detriment").

Unlike his claim relating to his absence from the lobby conference, the defendant's claim that the prosecutor "upped the ante" during the course of plea negotiations, if true, would render the plea involuntary, a product of prosecutorial coercion, and therefore would not be waived by his guilty plea. Cf. *Huot* v. *Commonwealth*, 363 Mass. 91, 99 (1973) (addressing claim that guilty plea was involuntary, produced by coercion). At the plea hearing, the judge told the defendant that, "although there has been a lobby conference on this, and you're aware of my information of the matter, for the record, I must advise you that I will not exceed the [fifteen to twenty year] recommendation of the District Attorney." The defendant, in turn, told the judge that he "was threatened with nineteen to twenty if he "took the trial." The judge replied that this was "a realistic estimate of what this case could entail on [his] record," to which the defendant responded, "yeah." The defendant further acknowledged that he was fully aware of the recommendation. At no time did the defendant even so much as intimate that the prosecutor had raised the recommendation to coerce a plea. The judge, in denying the motion for new trial, could conclude that the defendant's pleas were voluntary, and that the matters raised in the motion for new trial were afterthoughts.

Although we reject the defendant's claim in this case, we note that a practice of constantly raising the Commonwealth's recommendation in the course of plea discussions "is a dishonorable course for the Commonwealth to attempt to

---

fendant alleges that letters dated December 14 and 15, 1989, were sent to defense counsel prior to sentencing hearing on October 4, 1988), would have been warranted in viewing the defendant's representations with skepticism.

take." *Commonwealth* v. *Benton*, 356 Mass. 447, 449 (1969). We do not condone that type of coercive conduct.

*Defense counsel's alleged ineffective assistance.* The defendant argues that his counsel's failure to inform the judge, at sentencing, of the defendant's "traumatic childhood, his work at the Wrentham State School, and his efforts in assisting his fellow man" constitutes ineffective assistance. The record evidence does not show "that better work [by defense counsel] might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). The record also does not show that defense counsel's performance "deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

As discussed above, the defendant was afforded ample opportunity to present to the judge any mitigating circumstances which he felt might have been overlooked. Indeed, both the defendant and his attorney did present mitigating factors. In short, the defendant cannot show that he would have received a lighter sentence had his counsel conducted himself any differently at sentencing. Because the defendant cannot show prejudice, the ineffective assistance claim must fail. See *Commonwealth* v. *Satterfield*, *supra*; *Commonwealth* v. *Saferian*, *supra*. See also *Strickland* v. *Washington*, 466 U.S. 668, 691 (1984) ("error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment").

Further, the defendant has not established that his counsel had been informed prior to sentencing of the mitigating factors now raised in the defendant's appellate brief. Although the defendant represented that he sent two letters outlining these mitigating factors to defense counsel prior to the sentencing hearing on October 4, 1988, the letters are dated December 14 and 15, 1989. The defendant's own statement of personal history, submitted at sentencing, also failed to mention the mitigating factors raised now.

*Conclusion.* The defendant's motion, although labelled "motion for new trial," actually requests only that his sentence be reduced to seven to ten years.[4] Nevertheless, we treat his postsentence motion to withdraw pleas as a motion for a new trial pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). A judge may grant such a motion only "if it appears that justice may not have been done." *Commonwealth v. DeMarco*, 387 Mass. 481, 482 (1982), and cases cited. "Judges are to 'apply the standard set out in Mass. R. Crim. P. 30 (b) rigorously,' *id.* at 487, and should 'only grant a postsentence motion to withdraw a plea if the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth.' [Footnote omitted.] *Id.* at 486." *Commonwealth v. Hason*, 27 Mass. App. Ct. 840, 844-845 (1989). Because, as discussed above, no substantial issues were raised, the judge was well within his discretion in denying the defendant's motion without a hearing. Mass. R. Crim. P. 30 (c) (3). See *Commonwealth v. Stewart*, 383 Mass. 253, 257 (1981) (in determining whether issue is "substantial," court looks to both its seriousness as well as adequacy of defendant's showing on issue raised).

*Order affirmed.*

---

[4]We note that the defendant's request for a sentence reduction should have been brought as a motion to revise and revoke filed pursuant to rule 29 of the Massachusetts Rules of Criminal Procedure.