COMMONWEALTH *vs.* ALONZO WILSON.

Suffolk. November 1, 1999. - December 13, 1999.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Rules of Criminal Procedure. Practice, Criminal,* Admissions and confessions. *Evidence,* Admissions and confessions.

This court declined to read Mass. R. Crim. P. 12 (f) to require exclusion from evidence of statements made in the course of plea negotiations only if the statements are made to a government attorney. [442-443]

Statements volunteered by an accused to a police officer while in custody were not, in the circumstances, made during plea negotiations, and consequently were not excludable from evidence pursuant to Mass. R. Crim. P. 12 (f). [443]

INDICTMENTS found and returned in the Superior Court Department on June 30, 1998.

A pretrial motion to suppress evidence was heard by *Patrick F. Brady,* J.

An application for an interlocutory appeal was allowed by *Greaney,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Christopher Pohl,* Assistant District Attorney (*Edmund J. Zabin,* Assistant District Attorney, with him) for the Commonwealth.

*Christopher S. Skinner* for the defendant.

ABRAMS, J. The defendant, Alonzo Wilson, was charged in three indictments with armed home invasion, armed robbery while masked, and assault by means of a dangerous weapon. During a hearing on pretrial motions, the trial judge granted the defendant's motion to suppress statements he made to a police officer. The Commonwealth now appeals from the grant of that motion. We vacate the judge's order and remand for further proceedings.

1. *Facts.* We summarize the facts as found by the trial judge. Detective Robert Jaworski of the Winthrop police went to the defendant's home in Dover, New Hampshire, to investigate an armed and masked home invasion that had occurred in Winthrop on April 22, 1998. Detective Jaworski was accompanied by State and Federal narcotics investigators. The defendant answered the door and permitted the officers to enter. He expressed surprise that a Winthrop police officer would be in New Hampshire. In response to questioning, he denied that he had been in Winthrop during the previous two weeks. The officers conducted a protective sweep of the apartment and arrested the defendant for possession of contraband with intent to distribute after finding a bag that appeared to contain marijuana. The defendant was booked at the Dover, New Hampshire, police department. He was advised of the Miranda warnings and the defendant stated that he wished to speak with an attorney. Subsequently, he was released on bail. Detective Jaworski returned to Winthrop.

On May 1, 1998, Detective Jaworski returned to New Hampshire with a warrant issued from the East Boston Division of the District Court and arrested the defendant on the warrant. The defendant was informed of the Miranda warnings again. On May 2, Winthrop police transported the defendant to the Winthrop police station.[1] The defendant was advised of the Miranda warnings for the third time as he was booked for armed home invasion and larceny over $250. He was placed in a cell while he awaited arraignment.

On the morning of May 4, the defendant asked to speak to Detective Jaworski. Detective Jaworski saw that the defendant was upset and attempted to warn him not to speak before consulting his attorney. The defendant, however, continued to speak. The defendant told Detective Jaworski that the detective had treated him better than his own father. The defendant further told the detective that he had four children and he wanted to take care of them. He said that he wanted to plead guilty to the larceny charges. He said that he had not known that anyone was in the apartment when he entered it and that he had not wanted to hurt anyone. He told Detective Jaworski that he wanted to apologize to the town of Winthrop.

In early January, 1999, the defendant filed a motion· to sup-

---

[1]The defendant waived his rights under the rendition procedure before he was transported.

press his statements. The motion judge denied the motion in part, but reserved for the trial judge the question whether the defendant's statements to Detective Jaworski constituted an offer to plead guilty. During a hearing on pretrial motions, the trial judge concluded that the defendant's statements to Detective Jaworski constituted an offer to plead guilty and thus were excluded pursuant to Mass. R. Crim. P. 12 (f), 378 Mass. 870 (1979). The Commonwealth appealed from that ruling to a single justice of this court. The single justice allowed the Commonwealth's petition and transferred the matter to the Appeals Court. We granted the Commonwealth's application for direct appellate review. We reverse and remand for further proceedings.

2. Rule 12 (f) of the Massachusetts Rules of Criminal Procedure provides that statements made in the course of plea negotiations are not admissible against an accused.[2] The Commonwealth contends that only statements made to a government attorney can be excluded from evidence under rule 12 and bases its argument on a review of the history of the analogous Federal rule, Fed. R. Crim. P. 11 (e). The Commonwealth notes that the Massachusetts rule was identical to the Federal rule before the Federal rule was amended on April 30, 1979, effective August 1, 1979. The Federal rule was amended to clarify that a statement must be made to a government attorney in order to be excluded under Fed. R. Crim. P. 11 (e). According to the Commonwealth, the advisory committee notes indicate that the intent of the rule, both before and after amendment, is that a statement be excluded only if made to a government attorney. Thus, the Commonwealth concludes, the requirement that the statement be made to a government attorney also should be read into the Massachusetts rule. We do not agree.

Our rules of criminal procedure were adopted on July 1, 1979, approximately three months after the Federal rule was amended. We did not adopt the Federal rule nor have we amended our rule. We have not been asked to do so by our standing advisory committee or the bar. In these circumstances,

[2]Rule 12 (f) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 870 (1979), provides, in part: "Except as otherwise provided in this subdivision, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceedings against the person who made the plea or offer."

we decline to read rule 12 as requiring exclusion only if the statement is made to a government attorney.

3. We now turn to the question whether the statements the defendant made here should be excluded under Mass. R. Crim. P. 12 (f). The statements were not made during the course of a plea negotiation and therefore the statements are admissible.

Unlike the Federal rule, our rule does not mention plea discussions. Our rule excludes only statements made during plea negotiations. Here, there were no plea negotiations. The parties were not engaged in any type of negotiations. Detective Jaworski advised the defendant not to say anything prior to speaking with his attorney.

The defendant volunteered information without considering whether the party receiving the communication had the authority to engage in plea negotiations. See *United States* v. *Porter*, 821 F.2d 968, 977 (4th Cir. 1987), cert. denied, 485 U.S. 934 (1988). Detective Jaworski never led the defendant to believe that he had authority to enter into negotiations. He did not offer the defendant anything in exchange for the defendant's admissions. The defendant did not express his willingness to plead only on the condition that the detective fulfil some other obligation. These facts indicate that the defendant's inculpatory statements were not made during plea negotiations. Therefore, the statements are not excludable from evidence.

4. We vacate the order allowing the motion to suppress, based on a violation of rule 12. We remand the case for further proceedings consistent with this opinion.

*So ordered.*