COMMONWEALTH *vs.* ANGEL CASTILLO.[1]

No. 04-P-1755.

Suffolk. December 5, 2005. - April 10, 2006.

Present: DUFFLY, SMITH, & COHEN, JJ.

*Practice, Criminal,* Stipulation.

This court reversed judgments of criminal conviction where the trial judge failed to inquire of the defendant if he had agreed to the trial being conducted on stipulated evidence and if he was aware of the constitutional rights he was waiving by so doing. [37-38]

INDICTMENTS found and returned in the Superior Court Department on February 13, 2003.

The case was heard by *Charles T. Spurlock,* J., on a statement of agreed facts.

*Karen Logee Swenson* for the defendant.

*James P. Burbridge* (*John P. Zanini,* Assistant District Attorney, with him) for the Commonwealth.

SMITH, J. The practice of judges allowing criminal trials to be conducted on stipulated evidence has long been disfavored because "[i]t invites appeals of the most hair-splitting sort and cannot be justified to save court time." *Commonwealth* v. *Babcock,* 25 Mass. App. Ct. 688, 691 (1988). *Commonwealth* v. *McDowell,* 62 Mass. App. Ct. 15, 15 n.1 (2004).

Once again, we are called upon to consider a challenge to a judge's decision to allow the parties to proceed in a criminal matter by stipulating to the evidence. Once again, we must reverse because a judge failed to inquire of the defendant if he had agreed to the procedure and if he was aware of the various constitutional rights he was waiving. See *Commonwealth* v.

---

[1]Also known as Felix Rosario, Domingo Luciano, Orlando Natal, and Domingo A. Luciano Castillo.

*Lewis*, 399 Mass. 761, 763-764 (1987) (conviction reversed where defendant waived jury, parties stipulated to evidence, and judge failed to advise defendant of constitutional rights he was waiving); *Commonwealth* v. *Hill*, 20 Mass. App. Ct. 130, 131-133 (1985) (conviction reversed where parties stipulated to evidence and defendant was not informed of constitutional rights he was waiving); *Commonwealth* v. *Brown*, 55 Mass. App. Ct. 440, 448-449 (2002) (conviction reversed where defendant waived jury, stipulated to evidence, and was not advised of constitutional rights she was waiving).

On March 11, 2003, the defendant, Angel Castillo, pleaded not guilty in Superior Court to four indictments charging him with (1) possession of a firearm, not being present in his residence or place of business and not having a license to carry the firearm (G. L. c. 269, § 10[*a*]); (2) possession of ammunition without having been issued a firearm identification card (G. L. c. 269, § 10[*h*]); (3) unlawful carrying of a large capacity feeding device (G. L. c. 269, § 10[*m*]); and (4) possession of a false motor vehicle document (G. L. c. 90, § 24B).

On May 6, 2003, the defendant filed a motion to suppress evidence. On October 16, 2003, an evidentiary hearing on the defendant's motion was held. One police officer, Michael Hanson, testified for the Commonwealth. On October 23, 2003, the motion judge issued a memorandum of decision and order denying the motion.

On November 17, 2003, the defendant waived his right to a jury trial, and as a result of an agreement between the prosecutor and defense counsel, a trial was held on stipulated evidence before a different Superior Court judge. After listening to the stipulated evidence, the trial judge found the defendant guilty on all of the indictments.

On appeal, the defendant claims that the trial judge committed error in finding him guilty on the stipulated evidence because the procedure amounted to a guilty plea and the defendant was not advised of the basic constitutional rights he was waiving, and that the motion judge committed error in denying the defendant's suppression motion.

1. *The "trial."* When the defendant appeared before the trial judge, the following occurred. The defendant informed the judge

of his intent to waive his right to a jury trial. After the defendant was sworn, the judge engaged the defendant in a colloquy as to the waiver of the jury.[2]

After the judge accepted the defendant's jury trial waiver, the Commonwealth moved for trial. The prosecutor informed the judge that the parties had agreed to a "fact-stipulated trial" and presented the following stipulation to the judge:

> "[The] defendant did have the firearm on his person when the police placed him under arrest.
>
> "There was ammunition in a magazine. That magazine was capable of holding eleven rounds of ammunition, and then at the time that he was placed under arrest, the defendant gave multiple names: Felix Rosario, Angel Castillo, Domingo Luciano, Domingo Luciano Castillo.
>
> "He actually had credit cards and a Massachusetts Registry document, a Massachusetts license in the name of Felix Rosario. The defendant admitted that he was not Felix Rosario, that there was in fact a Felix Rosario, however it was not him, and that he had allegedly agreed to purchase a license for the amount of $1500 from someone at the Registry in order to procure a Massachusetts license.
>
> "I think that's about as far as the stipulation goes."

The judge then inquired, "Well, was he at his home or residence?" The prosecutor responded, in part, "He was on the street, actually." The judge inquired of defense counsel, who responded as follows:

> "Well, Judge, those facts are not in dispute. Just it is the defendant's intent in stipulating to these facts that the defendant may pursue his appeal on the motion to suppress which was denied by the [motion judge]. It is the defendant's intent after this proceeding to pursue that appeal. The facts with respect to the defendant's culpability as the offense is charged is not in dispute."

The clerk then announced that the defendant had been found guilty on all four counts.

---

[2] The defendant does not claim that this colloquy was inadequate.

*Discussion.* We reject the defendant's appellate claim that the trial was tantamount to a guilty plea. Rather, the record demonstrates that the defendant's trial counsel requested a "trial" on stipulated evidence because he wished to preserve the defendant's appeal from the denial of his suppression motion.[3]

A trial based on stipulated evidence is not "a trial constitutionally capable of supporting a conviction," *Commonwealth* v. *Brady*, 59 Mass. App. Ct. 784, 788 (2003), unless it appears on the record that there is an inquiry whether the defendant understands the significance of such a trial as opposed to a customary trial, see *Commonwealth* v. *Stevens*, 379 Mass. 772, 776 (1980); that the defendant is informed of the rights the defendant has surrendered, including the right to confrontation, the right to cross-examine witnesses, and the right to testify, among others; and that the defendant freely, knowingly and voluntarily waives those rights. *Commonwealth* v. *Babcock*, 25 Mass. App. Ct. at 691-692. *Commonwealth* v. *Brady*, 59 Mass. App. Ct. at 787-788.[4]

There is nothing in this record that demonstrates that the defendant was aware of the significance of a trial based on stipulated evidence or that he was aware of any constitutional rights he was waiving.

---

[3] In Massachusetts, there is no authority that allows a defendant, "as a matter of right," to claim an appeal from the denial of a suppression motion prior to trial. *Commonwealth* v. *Ringuette*, 443 Mass. 103, 104 (2004). "A defendant only may apply for leave to pursue such an [interlocutory] appeal" of a denial of a motion to suppress. *Ibid.*

General Laws c. 278, § 28E, and Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996), allow a defendant to file an application to a single justice of the Supreme Judicial Court for leave to appeal prior to trial a decision denying a suppression motion. A single justice of the Supreme Judicial Court, "as a matter of discretion, may allow such an application if the single justice determines that the 'administration of justice would be facilitated.'" *Commonwealth* v. *Ringuette, supra,* quoting from Mass.R.Crim.P 15(a)(2).

In this matter, the defendant did not file an application for an interlocutory appeal.

[4] When a defendant agrees to a trial on stipulated evidence, the colloquy as to the waiver of constitutional rights should be similar to the colloquy that judges are required to engage in when a defendant pleads guilty, without, of course, that portion of the colloquy wherein the defendant is asked if the defendant is, in fact, pleading guilty.

Therefore, the judgments are reversed, the findings are set aside, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.[5]

*So ordered.*

.

.

---

[5]Because of the present posture of this case, we cannot decide the appeal from the denial of the suppression motion. We have no authority to decide an interlocutory appeal unless a single justice of the Supreme Judicial Court refers the matter to this court. See note 3, *supra.*