NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12437

COMMONWEALTH  vs.  FRANKE GOMEZ.[1]

Middlesex.     April 2, 2018. - August 10, 2018.

Present:  Gants, C.J., Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Practice, Criminal, Plea, Motion to suppress.  Supreme Judicial
Court, Superintendence of inferior courts.



Indictments found and returned in the Superior Court
Department on November 18, 2014.

A pretrial motion to suppress evidence was heard by
Laurence D. Pierce, J., and a question of law was reported by
Peter B. Krupp, J., to the Appeals Court.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Dana Alan Curhan for the defendant.
Melissa Weisgold Johnsen, Assistant District Attorney, for
the Commonwealth.
David Rangaviz, Committee for Public Counsel Services, for
Committee for Public Counsel Services, amicus curiae, submitted
a brief.

---

[1] As is our practice, we spell the defendant's name as it
appears in the indictments.

LOWY, J.   In response to a reported question from a Superior Court judge, we decide whether a defendant may enter a guilty plea expressly conditioned on his or her right to appeal from the denial of a motion to suppress evidence, otherwise known as a conditional guilty plea.  Although Mass. R. Crim. P. 12, as appearing in 470 Mass. 1501 (2015), does not specifically authorize a conditional guilty plea and nothing in the language of the rule or its amendments contemplates this approach, neither does the rule or any statute prohibit such a plea.  In response to the reported question, we exercise our superintendence power to conclude that a conditional guilty plea is permissible if it is entered with the consent of the court and the Commonwealth and identifies the specific ruling from which the defendant intends to appeal.  In light of our decision, we ask this court's standing advisory committee on the rules of criminal procedure (standing advisory committee) to propose a suitable amendment to rule 12 to delineate the requirements for conditional guilty pleas.  In the interim, we instruct judges and parties to follow the approach taken in Fed. R. Crim. P. 11(a)(2).[2]

---

[2] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services.

1. Background. a. Factual summary. After a hearing on the defendant's motion to suppress, the motion judge found the following facts. On October 6, 2014, a Framingham police sergeant and detective stopped for dinner at a restaurant in Framingham. Inside, they saw two men who were known to them, the defendant and another man who they believed had an outstanding warrant for his arrest. They then determined that the man did not have an outstanding warrant, and left the restaurant to return to their unmarked police cruiser.

From the cruiser, the officers continued to observe the defendant as he left the restaurant and met a man later identified as Alcides Zimmerman. The defendant reached into his front right pants pocket; Zimmerman then did the same, and handed the defendant some money. The officers saw the defendant touch Zimmerman's hand two times, after which Zimmerman drove away in his motor vehicle. The officers followed Zimmerman's vehicle for one mile before executing an investigatory stop. The sergeant asked Zimmerman, "Where is it?" and Zimmerman responded, "In my pocket." Zimmerman reached his hand toward his pocket, but the sergeant grabbed it and then reached his own hand into Zimmerman's pocket, retrieving a small glassine bag with a white powdery substance.

The officers arrested Zimmerman and then returned to the restaurant where they had seen the defendant. They entered the

restaurant with two additional officers. The defendant was standing with another person, counting a large amount of money. As the officers approached, the defendant reached toward his waistband. The officers each grabbed one of the defendant's arms and escorted him from the restaurant. The defendant was "sweating profusely and appeared to be weak in the knees." He moved and shook his body as if trying to remove something from his waist. The officers pat frisked him and found a loaded handgun. On searching him further, they found ammunition and seven glassine bags, one of which had a substance resembling heroin. The defendant was then arrested.

b. Prior proceedings. The defendant was indicted for narcotics and firearm offenses.[3] He moved to suppress the evidence seized following the search of his person. A Superior Court judge denied the motion after an evidentiary hearing; the judge reasoned that the officers had conducted a proper investigatory stop because they had reasonable suspicion that a crime was being committed, and also reasonably suspected that

---

[3] The defendant was charged with possession of a firearm without a license, G. L. c. 269, § 10 (a); possession of a loaded firearm, G. L. c. 269, § 10 (n); possessing ammunition without a firearms identification card, G. L. c. 269, § 10 (h); distribution of cocaine, G. L. c. 94C, § 32A (c); possession of cocaine with the intent to distribute, G. L. c. 94C, § 32A (c); and possession of heroin with the intent to distribute, G. L. c. 94C, § 32 (a). He also faced sentencing enhancements for being a second-time offender, G. L. c. 269, § 10 (d), and under the armed career criminal statute, G. L. c. 269, § 10G (b).

when they approached the defendant, he was reaching for a weapon.  Prior to the scheduled trial date, the defendant "indicated he wishe[d] to plead guilty and avoid the costs of trial, provided he [were] able to secure appellate review of the ruling on the motion to suppress and to withdraw his plea if he prevail[ed] on appeal."  He argued that "the outcome of the trial is a fait accompli, effectively determined by the suppression ruling."  The Commonwealth was initially amenable, but ultimately would not agree to a conditional guilty plea.  A second Superior Court judge stayed the trial date and reported the case to the Appeals Court in order to obtain an answer to the following question:[4]

> "To avoid a trial that is otherwise only required to preserve appellate review of the denial of a dispositive pretrial motion, may the Superior Court, with the Commonwealth's agreement or over the Commonwealth's

---

[4] See Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004) ("If, prior to trial . . . a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein.  If the case is reported prior to trial, the case shall be continued for trial to await the decision of the Appeals Court"); Mass. R. A. P. 5, as amended, 378 Mass. 930 (1979) ("A report of a case for determination by an appellate court shall for all purposes under these rules be taken as the equivalent of a notice of appeal.  Whenever a case or any part of it is reported after decision or verdict, the aggrieved party [as designated by the lower court] shall be treated as the appellant.  Whenever a case or any part of it is reported without decision or verdict, the plaintiff in a civil action or the defendant in a criminal case shall be treated as the appellant").

objection, accept a defendant's guilty plea and sentence the defendant expressly conditioned on [the] defendant's rights to appeal the denial of the specific dispositive pretrial motion and to withdraw his/her plea if defendant prevails on appeal?"

We transferred the case from the Appeals Court to this court on our own motion.

2. Discussion.[5]  Ordinarily, a guilty plea "by its terms waives all nonjurisdictional defects." Commonwealth v. Cabrera, 449 Mass. 825, 830 (2007).  "This is because a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case" (citation, quotations, and alterations omitted).  Commonwealth v. Fanelli, 412 Mass. 497, 500 (1992).  Accordingly, this court has repeatedly denied a defendant's attempt to appeal from the denial of a suppression motion after he or she has entered a guilty plea.  See, e.g.,

---

[5] The Commonwealth mentions in passing in its brief that the issue before us is moot, because "the Commonwealth does not agree to a guilty plea conditioned on reserving the defendant's right to appeal the denial of his motion to suppress."  Our answer to the reported question in this case may render this issue moot, since we conclude that conditional guilty pleas are permissible only with the consent of the court and the Commonwealth.  "However, we make an exception to the general rule against hearing moot claims in some cases because of the public interest involved and the uncertainty and confusion that exist" (citation, quotations, and alterations omitted).  See Matter of the Liquidation of Am. Mut. Liab. Ins. Co., 440 Mass. 796, 805 n.13 (2004).  "We are most willing to make this exception where, as here, the parties have fully briefed and argued the issue."  Id.

Cabrera, 449 Mass. at 830-831; Commonwealth v. Quinones, 414 Mass. 423, 432, 435 (1993); Garvin v. Commonwealth, 351 Mass. 661, 663-664, cert. denied, 389 U.S. 13 (1967).  These decisions, however, were made in the context of unconditional guilty pleas.  See generally Cabrera, supra; Quinones, supra; Garvin, supra.  See also United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (pleas are presumptively unconditional).  This court has not yet considered whether a defendant may preserve his or her right to appeal from the denial of a motion to suppress at the time the defendant tenders a guilty plea.

a.  Rule 12.  Rule 12, which governs guilty pleas, is silent regarding conditional guilty pleas.  The rule permits a defendant to enter a guilty plea, with or without an agreement with the Commonwealth, and details the procedural requirements in each circumstance.  With regard to pleas that involve an agreement with the Commonwealth, Mass. R. Crim. P. 12 (b) (5) (A) expressly permits a plea agreement conditioned on a particular sentence and charge concessions.  The judge may accept or reject such a plea agreement.  If the judge accepts the plea agreement and the defendant's plea, Mass. R. Crim. P. 12 (d) requires the judge to sentence the defendant according to the terms of the plea agreement.  Mass. R. Crim. P. 12 (d) (4) (A).  Therefore, rule 12 only explicitly recognizes pleas

conditioned on dispositional terms, such as sentences and charge

concessions, as outlined in Mass. R. Crim. P. 12 (b) (5) (A).[6]

The language of rule 12 also differs significantly from

Fed. R. Crim. P. 11(a)(2), which has expressly permitted

conditional guilty pleas since 1983.[7]  See Advisory Committee

Notes to Rule 11 (1983), Federal Criminal Code and Rules, Rules

of Criminal Procedure, at 68-69 (Thomson Reuters 2018 rev. ed.).

The Federal rule states:  "With the consent of the court and the

government, a defendant may enter a conditional plea of guilty

or nolo contendere, reserving in writing the right to have an

appellate court review an adverse determination of a specified

pretrial motion.  A defendant who prevails on appeal may then

withdraw the plea."  Fed. R. Crim. P. 11(a)(2).

Where rule 12 expressly differs from the comparable Fed. R.

Crim. P. 11, we have declined to interpret rule 12 according to

---

[6] The defendant notes that Mass. R. Crim. P. 12 (b) (5) (B),
as appearing in 470 Mass. 1501 (2015), permits guilty pleas
"conditioned on . . . plea agreement[s] other than one described
in [r]ule 12 (b) (5) (A)."  These types of plea agreements are
treated as "non-binding, joint recommendation[s]."  Reporters'
Notes (Jan. 2015) to Rule 12 (b) (5), Mass. Ann. Laws Court
Rules, Rules of Criminal Procedure, at 1575 (2016).  As
explained infra, however, the language and history of rule 12 as
a whole indicate that it cannot be reasonably interpreted to
contemplate conditional guilty pleas.

[7] Prior to the amendment of Fed. R. Crim. P. 11 in 1983, the
Federal Courts of Appeals were divided on the permissibility of
conditional guilty pleas.  See United States v. DePoli, 628 F.2d
779, 781 n.1 (2d Cir. 1980) (collecting cases).

Federal standards.  For example, in Commonwealth v. Dean-Ganek, 461 Mass. 305, 312 (2012), we recognized that, "'[i]n contrast with Fed. R. Crim. P. 11, our rule 12 does not identify any plea agreement where the recommendation shall bind the judge,' and Fed. R. Crim. P. 11(c)(3) requires a judge at the plea hearing to accept or reject a 'plea agreement' while our rule 12 (c) (5) (B) requires a judge at the plea hearing to accept or reject 'the plea or admission,' not the plea agreement."  See Commonwealth v. Wilson, 430 Mass. 440, 442-443 (1999) (rejecting Commonwealth's argument that Mass. R. Crim. P. 12 [f], which prevents statements made in course of plea negotiations from being admissible against accused, be interpreted to exclude only statements from government attorneys, as is case under Federal rules).

It is doubtful, then, that rule 12 can reasonably be interpreted to allow for conditional pleas, particularly because there is already an existing statute and rule that allows for a defendant to seek leave from a single justice of this court to take an interlocutory appeal from the denial of a motion to suppress.  See G. L. c. 278, § 28E; Mass. R. Civ. P. 15 (a) (2), as appearing in 474 Mass. 1501 (2016).  At the same time, "[a] defendant only may apply for leave to pursue such an appeal, and a single justice of this court, as a matter of discretion, may allow such an application if the single justice determines 'that

the administration of justice would be facilitated.'"

Commonwealth v. Ringuette, 443 Mass. 1003, 1004 (2004), quoting

Mass. R. Crim. P. 15 (a) (2).  As rule 12 does not expressly

prohibit conditional guilty pleas, we consider the approaches

adopted in other jurisdictions, as well as the practical

implications of permitting such pleas.

 b.  Other jurisdictions.  The majority of other States and

the District of Columbia allow conditional pleas in some form.[8]

---

 [8] See Cal. Penal Code §§ 1237.5, 1538.5(m); Conn. Gen. Stat.
§ 54-94a; Mont. Code Ann. § 46-12-204(3); Nev. Rev. Stat.
§ 174.035(3); N.Y. Crim. Proc. Law § 710.70; N.C. Gen. Stat.
§ 15A-979(b); Or. Rev. Stat. § 135.335(3); Tex. Code Crim. Proc.
Ann. art. 44.02; Va. Code § 19.2-254; Wis. Stat. § 971.31(10);
Ala. R. Crim. P. 26.9(b)(4); Ark. R. Crim. P. 24.3(b); D.C.
Super. Ct. R. Crim. P. 11(a)(2); Fla. R. A. P. 9.140(b)(2)(A);
Haw. R. Penal P. 11(a)(2); Idaho R. Crim. P. 11(a)(2); Ky. R.
Crim. P. 8.09; Me. R. Crim. P. 11(a)(2); Mich. R. Crim. P.
6.301(C)(2); N.J. R. Crim. P. 3:9-3(f); N.M. Dist. Ct. R. Crim.
P. 5-304.A(2); N.D. R. Crim. P. 11(a)(2); Ohio R. Crim. P.
12(I); Tenn. R. Crim. P. 37(b)(2)(A); Tex. R. A. P.
25.2(a)(2)(A); Utah R. Crim. P. 11(j); Vt. R. Crim. P. 11(a)(2);
W. Va. R. Crim. P. 11(a)(2); Wyo. R. Crim. P. 11(a)(2); Cooksey
v. State, 524 P.2d 1251, 1255-1256 (Alaska 1974), disapproved on
other grounds by Miller v. State, 617 P.2d 516, 519 n.6 (Alaska
1980); State v. Crosby, 338 So. 2d 584, 586-592 (La. 1976).  The
Supreme Court of Pennsylvania has not definitively ruled on this
issue, but lower courts in Pennsylvania routinely permit
conditional guilty pleas.  See Commonwealth v. Singleton, 169
A.3d 79, 82 (Pa. Super. 2017) (collecting cases).

 Of the remaining States, fifteen do not allow conditional
guilty pleas.  See State v. Zunino, 133 Ariz. 117, 118 (Ct. App.
1982); Neuhaus v. People, 2012 CO 65, ¶¶ 11-20; Hooten v. State,
212 Ga. App. 770, 775 (1994); People v. Gonzalez, 313 Ill. App.
3d 607, 618-619 (2000); Alvey v. State, 911 N.E.2d 1248, 1250
(Ind. 2009); State v. Freilinger, 557 N.W.2d 92, 93 (Iowa 1996);
State v. Kelly, 295 Kan. 587, 592 (2012); Bishop v. State, 417

Five of these States have enacted statutes or rules specifically exempting a motion to suppress evidence from the general rule that a defendant forfeits certain appellate rights when entering a plea of guilty or no contest.[9]  As the Commonwealth notes, most States that permit conditional pleas do so by statute or rule. See Neuhaus v. People, 2012 CO 65, ¶ 9.  Just over one-half of those jurisdictions modeled their statutes or rules on Fed. R.

---

Md. 1, 20 (2010); State v. Ford, 397 N.W.2d 875, 878 (Minn. 1986); State v. Liston, 271 Neb. 468, 471 (2006); State v. Parkhurst, 121 N.H. 821, 822 (1981); State v. Keohane, 814 A.2d 327, 329 (R.I. 2003); State v. Downs, 361 S.C. 141, 145 (2004); State v. Rondell, 2010 SD 87, ¶¶ 4-10; State v. Smith, 134 Wash. 2d 849, 853 (1998).  The Illinois Appellate Court has, however, "urge[d] the legislature or [the] supreme court to consider instituting conditional pleas."  Gonzalez, supra at 619. Delaware, Mississippi, Missouri, and Oklahoma do not appear to have addressed this issue.

[9] See Cal. Penal Code § 1538.5(m) ("A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty"); N.Y. Crim. Proc. Law § 710.70 ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty"); N.C. Gen. Stat. § 15A-979(b) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty"); Wis. Stat. § 971.31(10) ("An order denying a motion to suppress evidence or a motion challenging the admissibility of a statement of a defendant may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint"); Ohio R. Crim. P. 12(I) ("The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence").

Crim. P. 11(a)(2), which requires the consent of the court and the government and also requires that the defendant specify the pretrial motion from which he or she intends to appeal.[10]  Most of the remaining States that have departed from the wording of the Federal rule nonetheless require the consent of the court or of the prosecutor (or both), and that the defendant specify the motion from which he or she seeks to appeal.[11]

---

[10] See D.C. Super. Ct. R. Crim. P. 11(a)(2); Haw. R. Penal P. 11(a)(2); Idaho R. Crim. P. 11(a)(2); Mich. R. Crim. P. 6.301(C)(2); N.J. R. Crim. P. 3:9-3(f); N.M. Dist. Ct. R. Crim. P. 5-304A(2); N.D. R. Crim. P. 11(a)(2); Utah R. Crim. P. 11(j); Vt. R. Crim. P. 11(a)(2); W. Va. R. Crim. P. 11(a)(2); Wyo. R. Crim. P. 11(a)(2); Mont. Code Ann. § 46-12-204(3); Nev. Rev. Stat. § 174.035(3); Or. Rev. Stat. § 135.335(3); Va. Code § 19.2-254.  Variances among these provisions are negligible for our purposes.  For example, Idaho, New Jersey, North Dakota, and Virginia only permit conditional guilty pleas, not conditional "no contest" pleas.  See Va. Code § 19.2-254; Idaho R. Crim. P. 11(a)(2); N.J. R. Crim. P. 3:9-3(f); N.D. R. Crim. P. 11(a)(2). Michigan, Nevada, and Utah permit conditional "guilty but mentally ill" pleas in additional to conditional guilty and conditional no contest pleas, and Michigan also permits conditional "not guilty by reason of insanity" pleas.  See Nev. Rev. Stat. § 174.035(3); Mich. R. Crim. P. 6.301(C)(2); Utah R. Crim. P. 11(j).  Montana does not specify that the plea must be in writing or otherwise on the record.  Mont. Code Ann. § 46-12-204(3).

[11] See Cal. Penal Code §§ 1237.5, 1538.5(m) (requires court's "certificate of probable cause" for appeal of particular motion); Conn. Gen. Stat. § 54-94a (limited to motions to suppress and motions to dismiss, and requires trial court first to ensure that motion from which defendant seeks to appeal is dispositive); N.C. Gen. Stat. § 15A-979(b) (does not require consent of court or prosecutor); N.Y. Crim. Proc. Law § 710.70(2) (does not require consent of court or prosecutor); Tex. Code Crim. Proc. Ann. art. 44.02 (only requires consent of court); Wis. Stat. § 971.31(10) (does not require consent of

A handful of State courts have also recognized conditional guilty pleas "despite the absence in those jurisdictions of any authorizing court rule or statute." State v. Sery, 758 P.2d 935, 939-940 (Utah Ct. App. 1988). Alaska and Louisiana currently permit conditional pleas exclusively by judicial decision, and at least five other States (Alabama, Florida, Michigan, New Mexico, and Utah) first recognized conditional guilty pleas by judicial decision and thereafter promulgated court rules permitting such practices.[12] See id.; Neuhaus, 2012

_____

court or prosecutor, but limited to "motion to suppress evidence or a motion challenging the admissibility of a statement"); Ala. R. Crim. P. 26.9(b)(4) (does not require consent of court or prosecutor, but requires defendant to specify motion for appeal); Ark. R. Crim. P. 24.3(b) (requires consent of court and prosecutor, limited to appeal of motions to suppress, speedy trial issues, and constitutional challenges of statutes defining offenses charged); Fla. R. A. P. 9.140(b)(2)(A) (does not require consent of court or prosecutor, but requires defendant to specify motion and issue for appeal); Ky. R. Crim. P. 8.09 (requires court approval and requires defendant to specify motion for appeal); Ohio R. Crim. P. 12(I) (does not require consent of court or prosecutor); Tenn. R. Crim. P. 37(b)(2)(A) (requires consent of court and prosecutor and that defendant reserve "right to appeal a certified question of law that is dispositive of the case"); Tex. R. A. P. 25.2(A) (only requires consent of court).

[12] See Ginn v. State, 894 So. 2d 793, 801-804 (Ala. Crim. App. 2004); Cooksey, 524 P.2d at 1255-1256; State v. Ashby, 245 So. 2d 225, 228-229 (Fla. 1971); Crosby, 338 So. 2d at 586-592; People v. Reid, 420 Mich. 326, 337 (1984); State v. Hodge, 1994-NMSC-087118, ¶ 18; State v. Sery, 758 P.2d 935, 938-940 (Utah Ct. App. 1988); Ala. R. Crim. P. 26.9(b)(4); Fla. R. A. P. 9.140(b)(2)(A); Mich. R. Crim. P. 6.301(C)(2); N.M. Dist. Ct. R. Crim. P. 5-304.A(2); Utah R. Crim. P. 11(j).

CO 65, ¶ 9A n.5.  Conditional guilty pleas "were also accepted by two [F]ederal circuits long before the 1983 adoption of Fed. R. Crim. P. 11(a)(2)."  Sery, supra at 939-940, citing United States v. Moskow, 588 F.2d 882 (3d Cir. 1978), and United States v. Burke, 517 F.2d 377 (2d Cir. 1975).

c.  Practical considerations.  Without the availability of a conditional guilty plea and due to the limited availability of interlocutory review, a defendant typically must proceed to trial in order to preserve his or her appellate rights, even if the defendant desires only to appeal from a particular pretrial ruling.  See, e.g., Fanelli, 412 Mass. at 500.  As the United States Supreme Court has recognized, this is a "completely unnecessary waste of time and energy."  Lefkowitz v. Newsome, 420 U.S. 283, 292 (1975).  See Advisory Committee Notes to Rule 11 (1983), Federal Criminal Code and Rules, Rules of Criminal Procedure, supra at 68 ("a defendant who has lost one or more pretrial motions will often go through an entire trial simply to preserve the pretrial issues for later appellate review.  This results in a waste of prosecutorial and judicial resources, and causes delay in the trial of other cases . . . .  These

---

Georgia initially authorized conditional pleas by judicial decision but subsequently reversed the decision.  See Hooten v. State, 212 Ga. App. 770, 775 (1994); Mims v. State, 201 Ga. App. 277, 278-279 (1991).

unfortunate consequences may be avoided by the conditional plea device . . .").

The Commonwealth argues that there is no need for conditional guilty pleas because of the availability of stipulated evidence trials.  In such proceedings, a defendant stipulates "that the Commonwealth's witnesses [will] testify in the manner asserted by the prosecutor," and thereby expedites the trial and purportedly saves resources.  See Commonwealth v. Garcia, 23 Mass. App. Ct. 259, 264-265 (1986).  This procedure is disfavored.  See Commonwealth v. Castillo, 66 Mass. App. Ct. 34, 37 (2006); Commonwealth v. Babcock, 25 Mass. App. Ct. 688, 691 (1988).  See also E.B. Cypher, Criminal Practice and Procedure § 24:13, at 293 n.1 (4th ed. 2014) (collecting cases). This is because a trial based on stipulated evidence is incapable of supporting a conviction without a comprehensive colloquy itemizing the rights surrendered, confirming that the defendant understands the significance of the rights he or she gives up in a stipulated trial, and ensuring that the defendant intelligently and voluntarily relinquishes those rights.  See Commonwealth v. Monteiro, 75 Mass. App. Ct. 280, 287-288 (2009), citing Commonwealth v. Stevens, 379 Mass. 772, 776 (1980).

Specifically, in a stipulated evidence trial, the trial judge should "question the defendant whether he recognizes that 1) he is entitled to confront witnesses against him; 2) the

Commonwealth has the burden of proving the offense beyond a reasonable doubt; 3) he may be giving up the right not to incriminate himself; 4) he is giving up the right to cross-examine; and 5) . . . he is acknowledging evidence likely to lead to a finding of guilty" (citation omitted).  Monteiro, 75 Mass. App. Ct. at 289.  At the same time, the judge must take care not to ask whether the defendant is pleading guilty.  See Castillo, 66 Mass. App. Ct. at 37 n.4.  If the judge elicits a guilty plea during such a proceeding, the defendant will have waived the very appellate rights he or she sought to preserve through a stipulated evidence trial.  The defendant also must be careful not to "stipulate[] to the truth of facts which constitute[] all the elements of the offences charged and [are] conclusive of guilt," in order to avoid constructively pleading guilty and thereby waiving his or her appellate rights.  Garcia, 23 Mass. App. Ct. at 265.  See Commonwealth v. Brown, 55 Mass. App. Ct. 440, 448-449 (2002).

Not infrequently, the parties or the judge makes mistakes during the colloquy at a stipulated evidence trial.  See, e.g., Monteiro, 75 Mass. App. Ct. at 288 (trial judge failed to warn defendant of right to cross-examination, to call own witnesses, and to confrontation, and of right not to incriminate himself); Castillo, 66 Mass. App. Ct. at 37 ("There is nothing in this record that demonstrates that the defendant was aware of the

significance of a trial based on stipulated evidence or that he was aware of any constitutional rights he was waiving"); Brown, 55 Mass. App. Ct. at 448-449 ("The stipulation was tantamount to a guilty plea. . . . The jury waiver colloquy that [the defendant] received did not contain critical elements that must be included in a guilty plea colloquy").

Even when conducted correctly, however, a stipulated evidence trial constitutes a flawed procedure. A stipulated evidence trial is confusing to the defendant and to members of the public, as it is a legal fiction rather than an actual trial. "Although there is a remote theoretical possibility that the defendant may be acquitted, the reality is that factual guilt is a foregone conclusion. After all, neither a reasonable defendant nor a prosecutor would choose to pursue a stipulated bench trial (or guilty plea) if the evidence is doubtful." People v. Gonzalez, 313 Ill. App. 3d 607, 617 (2000). "A stipulated bench trial is, in reality, nothing more than a glorified guilty plea that wastes precious judicial resources and is likely to be misunderstood . . . ." Id. at 618.

As a practical matter, a stipulated jury trial is available to a defendant to preserve appellate review from a denial of a motion to suppress evidence. In reality, the required colloquy turns out to be difficult to do, and even if the colloquy is sufficient, it does not necessarily provide a realistic

alternative to a conditional plea.  For example, for a defendant, a stipulated evidence trial presents a more limited opportunity to negotiate a sentence or charge concessions.  For a prosecutor, the procedure is rife with procedural pitfalls that "expose[] a conviction to recantation and subsequent proceedings far more onerous than the original administration of the warning."  Monteiro, 75 Mass. App. Ct. at 288.

A conditional guilty plea, on the other hand, facilitates plea bargaining.  See Gonzalez, 313 Ill. App. 3d at 618.  See also United States v. Mezzanatto, 513 U.S. 196, 208 (1995) ("Indeed, as a logical matter, it simply makes no sense to conclude that mutual settlement will be encouraged by precluding negotiation over an issue that may be particularly important to one of the parties to the transaction.  A sounder way to encourage settlement is to permit the interested parties to enter into knowing and voluntary negotiations without any arbitrary limits on their bargaining chips").  Moreover, victims of crime may derive vindication from a defendant's willingness to concede guilt, even if the defendant preserves limited issues for appeal; without the option of a conditional guilty plea, fewer defendants will have incentives to plead guilty.

The Commonwealth argues that a conditional guilty plea undermines the finality of a defendant's plea.  This concern is not without merit.  On the other hand, conditional guilty pleas

inevitably result in more guilty pleas.  A defendant who may want to agree to an offer by the Commonwealth if his or her motion to suppress is denied, but does not plead guilty because the defendant wants to first litigate that motion to suppress, would have another option -- a conditional plea -- if the Commonwealth and the court agreed to the procedure.  In addition, while a conditional guilty plea "does not have the complete finality of an unconditioned plea, . . . it still results in a judgment of conviction, not an interlocutory order. That judgment is as final as any conviction after trial that might be reversed on direct appeal."  See Sery, 758 P.2d at 939. See also Note, Conditional Guilty Pleas, 93 Harv. L. Rev. 564, 573 (1980) (Conditional Guilty Pleas).

Some courts in other jurisdictions have determined that it is inconsistent to plead guilty and yet preserve certain appellate rights.  See, e.g., Hooten v. State, 212 Ga. App. 770, 773 (1994).  Even an unconditional guilty plea does not foreclose all appellate rights, however.  See, e.g., Commonwealth v. Lavrinenko, 473 Mass. 42, 55-56 (2015) (ineffective assistance of counsel claim can survive guilty plea); Commonwealth v. Negron, 462 Mass. 102, 105 (2012) ("defendant is not barred by his guilty plea from bringing an appeal or collateral challenge to his conviction on the ground

that the conviction violated the prohibition against double jeopardy").

Any suggestion that the allowance of conditional guilty pleas would overwhelm the appellate courts seems unlikely. While some increase in the courts' caseload is certainly possible, the requirement that a defendant obtain the consent of the Commonwealth and the court will generally ensure that frivolous issues are not reserved for appeal. In any event, "allowing conditional pleas would undoubtedly reduce claims of ineffective assistance of counsel that frequently arise in appeals from stipulated bench trials." Gonzalez, 313 Ill. App. 3d at 619. And, in addition, "[e]xperience with conditional pleas in New York and California indicates that a relatively small number of additional appeals are generated; no 'flooding' of appellate courts has resulted." See Conditional Guilty Pleas, supra at 573.

The Federal rules include certain safeguards to protect against many of the Commonwealth's concerns, namely (1) requiring the consent of the court and the government, (2) requiring that the reservation of appellate rights be made in writing at the time the plea is entered, and (3) requiring the defendant to specify at the time the plea is entered which pretrial motion he or she intends to appeal. Fed. R. Crim. P. 11(a)(2). See Note, "A Pious Fraud": The Prohibition of

Conditional Guilty Pleas in Rhode Island, 17 Roger Williams U. L. Rev. 480, 498 (2012).

Though not required by the express language of Fed. R. Crim. P. 11 (a) (2), Federal Courts of Appeals that have reached the issue have interpreted the Federal rule to require that the pretrial motion from which a defendant seeks to appeal be dispositive. See, e.g., United States v. Bundy, 392 F.3d 641, 647 (4th Cir. 2004); United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999); United States v. Bentz, 21 F.3d 37, 42 (3d Cir. 1994); United States v. Yasak, 884 F.2d 996, 999 (7th Cir. 1989); United States v. Wong Ching Hing, 867 F.2d 754, 758 (2d Cir. 1989); United States v. Carrasco, 786 F.2d 1452, 1454 (9th Cir. 1986), overruled on other grounds by United States v. Jacobo-Castillo, 496 F.3d 947 (9th Cir. 2007). "The essential problem created by use of the conditional guilty plea when the issues reserved are not dispositive is that further judicial proceedings will be required if the defendant prevails on appeal," resulting in further delay. See Walters v. State, 197 P.3d 1273, 1278 (Wyo. 2008). Accord State v. Madera, 198 Conn. 92, 101 (1985). Additionally, nondispositive issues may not be capable of resolution without a trial record, and the lack of such a record on appeal would make it impossible for a court to conduct harmless error analysis. See Walters, supra at 1278-1279. In light of these considerations, it shall be within the

motion judge's discretion to require that the motion from which the defendant seeks to appeal be dispositive.[13]

We therefore exercise our superintendence powers, G. L. c. 211, § 3, in deciding that a conditional guilty plea is permissible, so long as it is entered with the consent of the Commonwealth and the court, and the defendant specifies the pretrial motion from which he or she seeks to appeal at the time the plea is entered. We ask this court's standing advisory committee to propose a rule reflecting these requirements for this court's consideration, taking into consideration other issues related to the adoption of this procedure. See Commonwealth v. Hanright, 465 Mass. 639, 648-649 (2013). In the interim, we adopt the approach taken by Federal courts concerning conditional guilty pleas. See id.

3. Conclusion. We answer the reported question, "Yes," temporarily adopting the procedures utilized in Federal court under Fed. R. Crim. P. 11(a)(2), until Mass. R. Crim. P. 12 is amended consistent with this opinion. We ask this court's standing advisory committee on the rules of criminal procedure

_____

[13] The Commonwealth argues that a conditional guilty plea "may reduce the effectiveness of appellate review due to the lack of a full trial record, and vitiates the harmless error doctrine by forcing consideration of alleged errors which have not practically wronged the defendant." As explained above, however, the motion judge has discretion to limit the defendant's appeal to dispositive issues, and may consider the completeness of the record when making this determination.

to propose an amendment to rule 12 accordingly.  The matter is remanded to the Superior Court for further proceedings consistent with this opinion.

<u>So ordered</u>.